[No. 18251.   Department Two.—September 10, 1894.]

# ELIZABETH HOWELL, RESPONDENT, *v.* T. N. HOWELL, APPELLANT.

DIVORCE— FINAL JUDGMENT— ALIMONY — JURISDICTION. —Where a final judgment has been rendered in a divorce suit settling the property rights of the parties, without an award of alimony, and the time for appeal therefrom has expired, the court has no jurisdiction to make an order, or supplemental decree, granting alimony for the support of the wife and children.

ID.—MODIFICATION OF JUDGMENT— CONSTRUCTION OF CODE.—The provision of section 139 of the Civil Code, authorizing the court from time to time to modify its orders for the maintenance and support of the wife and children, contemplates that the right to alimony as well as other property rights shall have been presented in the action and established by the judgment, and there can be no modification of an allowance for alimony where there is no allowance to modify.

APPEAL from an order of the Superior Court of Tehama County requiring the payment of alimony.

The facts are stated in the opinion of the court.

*L. V. Hitchcock,* and *A. M. McCoy,* for Appellant.

*Charles G. Nagle,* and *W. Henry Jones,* for Respondent.

McFARLAND, J.—This is an appeal by defendant from an order of the superior court requiring him to pay to plaintiff one hundred dollars per month from January 20, 1892, until the further order of the court.

On May 14, 1890, the parties were husband and wife; and on that day plaintiff commenced an action for divorce from defendant.   She averred in her complaint, as ground for the divorce, desertion by the defendant; and she also averred that there were certain named minor children of the parties, and that there was certain community property in the territory of Wyoming worth about ten thousand dollars, and also certain personal property in California worth seven thousand one hundred dollars, and certain described real property here belonging to the community.   She prayed for a divorce, the custody of the children, and that the court

award to her all the said community property, real and personal, in California.   The defendant, who then lived in Wyoming territory, was served by publication and made default.   The court entered a decree on September 11, 1890, in accordance with the prayer of the complaint.   There was nothing in either the complaint or the judgment about alimony.   By the judgment the property prayed for in the complaint was awarded to plaintiff, but it contained nothing more about property, money, or property rights of any kind.   The judgment has never been appealed from or in any way disturbed.

On January 20, 1892—more than fourteen months after the judgment—plaintiff filed a petition entitled in said divorce suit, in which, after alleging certain property and income of defendant, she averred that she was in indigent circumstances and unable to support herself and said minor children, and that "the sum of two hundred and fifty dollars is a reasonable sum per month to be allowed plaintiff to support herself, and support and educate her said minor children."   She then prays that, in addition to counsel fees, defendant "pay to plaintiff such further sum as to this court may seem just for support of plaintiff and said minor children," and that "said alimony be made permanent."   The defendant demurred to the petition upon the ground, among others, of want of jurisdiction.   The demurrer was overruled, and defendant answered.   His answer was stricken out for reasons not necessary to be here noticed.   The court made findings, reciting the history of the divorce, and declaring that defendant had certain property and income, that plaintiff had two minor children dependent upon her, and that she "has not separate property nor any property sufficient to maintain herself and said minor children."   Whereupon the court made an order "that defendant pay to plaintiff the sum of one hundred dollars per month on the twentieth day of each and every month, commencing on the twentieth day of January, 1892, and the defendant do continue to pay said sum to the plaintiff on the twentieth day of each and every

month thereafter until the further order of this court."
From this order defendant appeals.

We are satisfied that the court had not jurisdiction to
make the order appealed from. A judgment in a divorce
suit settling the property rights of the parties, after the
time for appealing therefrom has expired, is as final as
any other kind of a judgment, except so far as the power
to modify it is given by statutory provision. Of course,
when we speak of a final judgment, we mean one which
does not upon its face reserve jurisdiction (when that
can be done) to make a supplemental decree, in which
case it is not final. In the case at bar there was no such
reservation; it was final in form and substance. And
there is no statutory provision giving jurisdiction to
make the order appealed from. Section 137 of the Civil
Code provides that "while an action for divorce is pend-
ing" the court may require the husband to pay as ali-
mony money necessary to enable the wife to support
herself and children and prosecute or defend the action.
Section 139 provides that where a divorce is granted for
an offense of the husband the court may compel him to
provide for the maintenance of the children and make
a suitable allowance for the support of the wife; and
that "the court may from time to time modify its orders
in these respects." But the latter section clearly con-
templates that the right to alimony, as well as other
financial and property rights, shall have been presented
and litigated in the action for divorce and established
by the judgment; and the provision is that, where the
right to alimony has been thus established, the amount
may be changed by a modification of the order. But in
the case at bar there was nothing to " modify." After
the judgment granting the divorce the plaintiff was no
longer the wife of the defendant; and he owed her no
longer any marital duty. From that time she could
enforce against him no obligation not imposed by the
court at the time of the judgment. In the case at bar
the judgment became final without any award of ali-
mony: and, of course, the court could not afterwards

" modify" what never existed.   In Stewart on Marriage and Divorce, section 366, the authorities are correctly summed up in this language:   " When the court has allowed the suit to be dismissed, or has finally entered the decree, it has no further jurisdiction over the parties or the subject matter, except so far as this is reserved by itself or by statute."   And in section 376 the author further says: "But a decree of divorce *a vinculo* is final, .and the jurisdiction of the court over the parties is, after the expiration of the term, at an end; and just as there can be no grant of alimony after such a divorce, so there can be no change in the award of alimony, unless the right to make such a change is reserved by the court in its decree, as it may be, or is given by statute, as it often is."   (See, also, *Kamp* v. *Kamp*, 59 N. Y. 212; and *Egan* v. *Egan,* 90 Cal. 15.)   In the cases cited by respondent the right to alimony had been established in the final decree, or the disposition of the question of alimony had been expressly reserved for further consideration.   Our conclusion is that the court below had no jurisdiction to make the order appealed from, and that the demurrer to the petition should have been sustained.

It is not necessary here to determine what order the court might make " after judgment," under section 138 of the Civil Code, with respect to the " custody, care, and education of the children of the marriage."   The order under review is for alimony for the wife, and for her support; and its character is not changed by the mention of the children.

The order appealed from is reversed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.