[S. F. No. 1,031.   In Bank.—February 19, 1898.]

ANGUS McKAY, Petitioner, v. SUPERIOR COURT et al., Respondents.

120  143
d125  69

DIVORCE—MAINTENANCE OF CHILDREN—ORDER AFTER FINAL DECREE—JURISDICTION.—The superior court has jurisdiction to make an order at any time subsequent to a final decree of divorce requiring the father to maintain and support the children, though no such order was made in the decree, and though their care, custody, and control was awarded by the decree to the mother.

ID.—APPEAL FROM ORDER FOR MAINTENANCE—ALLOWANCE OF ATTORNEY'S FEES AND COSTS.—Upon appeal from an order after decree of divorce directing a payment by the father for the maintenance of children awarded to the custody of the mother, the court has jurisdiction to compel the father to pay an allowance for attorney's fees and costs of printing to the mother as guardian of the children, to the end that they may properly respond upon the appeal.

APPLICATION to the Supreme Court for writ of review to annul an order of the Superior Court of the City and County of San Francisco, directing payment of attorneys' fees and costs, upon appeal from an order of said court for maintenance of children of divorced persons.   John Hunt, Judge.

The facts are stated in the opinion of the court.

W. S. Goodfellow, for Petitioner.

Edward P. Cole, for Respondents.

HENSHAW, J.—This is a hearing upon an original application for a writ of review. The unquestioned facts shown by the return are the following: Upon the sixteenth day of June, 1884, Emma J. McKay, then the wife of the petitioner herein, Angus McKay, obtained a decree of divorce from her husband. The decree awarded to her the care, custody, and control of the children of the marriage, Horton L. McKay, aged five years, and Ethel M. McKay, aged three years. It contained, however, no provisions for alimony for the maintenance and support of the minor children. No appeal was taken from this decree, and it has long since become a final adjudication. No further proceedings of any kind were had in that action until May of the current year, when Emma J. McKay, who had since remarried, and is now Emma J. Polastri, filed in the superior court, and in the action in which the decree of divorce was granted, a petition setting forth the decree, the award to her of the care, custody, and control of the children, who are still minors, and averring that no provision had been made by the court for their maintenance and support, prayed an order to compel the defendant in that action, the petitioner herein, to pay fifty dollars per month for the past support of each of the children, and fifty dollars per month for the future support of each of them until the further order of court. Upon hearing, and over the objection of defendant, the order was made. From this order defendant perfected his appeal, therewith giving a bond to stay execution. No objection is made to the form, substance, or sufficiency of this undertaking.

After perfecting his appeal the defendant was cited to show cause why he should not be punished for contempt in refusing to comply with the terms of the order, and to make the payments contemplated therein, and notwithstanding the showing made by him in answer to the citation that he had perfected an appeal from said order, and upon advice of counsel believed that his appeal with its accompanying bond operated as a stay of all proceedings under the order, the trial court was about to pronounce him in contempt and to punish him therefor, when,

under a separate petition setting up these facts, he here obtained a temporary order staying proceedings, and an alternative order to show cause why all proceedings should not be stayed until the determination of his appeal.

Thereupon Emma J. Polastri, on behalf of and as guardian of the minor children, presented her petition to the superior court in the action of *McKay v. McKay*, setting up the fact that the defendant McKay had appealed from the order fixing a sum for the maintenance of the children, and that two hundred and fifty dollars attorney's fees and forty dollars costs for printing briefs upon appeal were necessary disbursements to be made by and in behalf of the minors to the end that they might properly present their response in the appellate court. The court then made its order directing this petitioner to pay the sum of two hundred and fifty dollars for the indicated purposes. The payment of money contemplated by this order being less than three hundred dollars, and thus no appeal lying therefrom, he sought and obtained this writ of review.

The only question in this inquiry is whether or not the court exceeded its jurisdiction in making the order under review. Petitioner recognizes this, and contends that the former order requiring him to pay moneys for the support of the children was in excess of jurisdiction and void; and that therefore the order here under consideration, being incidental to and for the purpose of enforcing the former order, is likewise void.

While a determination of the matter in this proceeding will necessarily anticipate one of the propositions presented upon appeal from the order for maintenance, which appeal is now here pending, yet as its determination is essential to this adjudication it may not be avoided or postponed. The order of the court allowing the children two hundred and fifty dollars is to be considered as an order for the payment of money deemed necessary by the trial court to be furnished the children for the proper defense of their rights, under the order of maintenance. Therefore, if they are entitled to the money at all, they should receive it promptly to accomplish the end in view, and the question of their right to receive it should not be postponed until the determination of the very appeal to defend which the money was declared needful.

The order of the court making provision for the maintenance and support of children was not void as in excess of jurisdiction. In this regard the circumstances of the case are identical with, and the order the same as that made in *Wilson v. Wilson*, 45 Cal. 399, and upheld as a proper exercise of the power of the court. The power of the court to make such orders for the maintenance of minor children, under petition in the action long after final decree has been entered, finds such general support from the authorities that it may be said that the rule is uniform where any similarity exists in the codes or statutes upon the subject. Thus, in New York, under provisions like our own, the plaintiff obtained a decree in 1869 which gave her the custody of the children of the marriage, but which made no provision for the care of the children. In 1879 she presented her petition in the matter, and an award for the maintenance of the children was held to be proper. (*Erkenbrach v. Erkenbrach*, 96 N. Y. 456.) The New York statute declared: "In any suit brought by a woman for divorce the court may, during the pendency of the cause, or at its final hearing, or afterward, make such order for the custody, care, and education of the children of the marriage as may seem necessary and proper," etc. Section 138 of our Civil Code reads: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." The court of appeals held that under this statute an order could be made after final judgment providing for the payment of moneys for the maintenance of the children, and that the payment could be enforced against the father. To like effect is the case of *Washburn v. Catlin*, 97 N. Y. 623. In line with these authorities may be cited *Holt v. Holt*, 42 Ark. 495; *Buckminster v. Buckminster*, 38 Vt. 248; 88 Am. Dec. 652; *Pretzinger v. Pretzinger*, 45 Ohio St. 452; 4 Am. St. Rep. 542; *Plaster v. Plaster*, 47 Ill. 290; 2 Nelson on Divorce and Separation, sec. 981; 2 Bishop on Marriage and Divorce, secs. 1218, 1223.

It is to be noted that the order here under consideration, being exclusively for the maintenance and support of the children, is radically a different order from that considered by

this court in *Howell v. Howell*, 104 Cal. 45; 43 Am. St. Rep. 70, in which case it was distinctly said that section 138 of the Civil Code, and the rights of minor children to maintenance and support under it, were not before the court.

It having been determined that the order for the maintenance of the minor children is not in excess of jurisdiction and void, and as petitioner's argument in this case is based wholly on that contention, it follows that the order here under review is likewise not in excess of jurisdiction.

The writ is therefore discharged.

Temple, J., McFarland, J., and Van Fleet, J., concurred.