[S. F. No. 1059.    Department One.—June 14, 1899.]

EMMA J. McKAY, Respondent, v. ANGUS McKAY, Appellant.

125   65
f135  193
|125   65
,ₒ145  715,

Divorce—Maintenance of Children—Omission in Decree—Subsequent Order—Jurisdiction.—In an action for divorce, where the custody of the children was awarded to the wife without any provision in the decree for their maintenance, the court, though having no jurisdiction to act subsequently under section 139 of the Civil Code, has jurisdiction. under section 138 of that code, to give a subsequent direction "for the custody, care, and education of the children," and to provide for the expenses reasonably to be incurred for their "care and education."

Id.—Construction of Code—Prospective Action.—The provisions of section 138 of the Civil Code are in their nature prospective; and the use of the term "direction" implies that the action of the court is to be limited to the "care and education" which the children are subsequently to receive under its direction.

Id.—Limited Power of Court—Benefit of Children—Reimbursement of Past Expenses.—The jurisdiction retained by the court under section 138 of the Civil Code is to be exercised only in behalf of the children; and if they have been already sufficiently cared for by the voluntary act of the mother, or of other persons, the court is not empowered, in an order made for the first time after judgment, to compel the father to reimburse them for these past expenses.

Id.—Voluntary Expenses by Stepfather—Presumption—Reimbursement not Required.—Where it appears that subsequently to the decree and to the remarriage of the divorced wife, the children were received into the family of the stepfather, and the expenses of their care and education were voluntarily incurred by him, it must be presumed, under section 209 of the Civil Code, that he supported them as a parent, and they are not liable to him for their support. The father is not bound to reimburse the stepfather therefor; and the court cannot order such reimbursement under section 138 of the Civil Code.

APPEAL from an order of the Superior Court of the City and County of San Francisco, directing the payment of moneys for the support and education of minor children.    John Hunt, Judge.

The facts are stated in the opinion of the court.

W. S. Goodfellow, for Appellant.

The court had no jurisdiction to make the order appealed from. (*Howcll v. Howell*, 104 Cal. 45; 43 Am. St. Rep. 70.) Section 138 of the Civil Code by its title relates to the custody of the children, and not to their maintenance, which is provided for in sections 137 and 139. Moneys awarded to the wife for the support of the children are the property of the wife, and not of the children. (*Brenot v. Brenot*, 102 Cal. 294, 296; *Simpson v. Simpson*, 80 Cal. 237; *Schammel v. Schammel*, 105 Cal. 258; *Swiney v. Swiney*, 107 Mich. 459.) The husband and father, by the existing law of this state, is relieved from obligation to support the wife and children where the custody is awarded to the wife, without provision for the support of wife or children in the decree. (Civ. Code, secs. 196, 208; *Ex parte Miller*, 109 Cal. 648, 649; *Howell v. Howell, supra; Rich v. Rich*, 34 N. Y. Supp. 854; *Gould v. Gould*, 18 Misc. Rep. 334; 42 N. Y. Supp. 143.) *Wilson v. Wilson*, 45 Cal. 401, is not applicable under the code. The stepfather, having received the children into his family and voluntarily supported them as a parent, has no claim to be reimbursed for their support. (Civ. Code, sec. 209; 2 Kent's Commentaries, 192; *Johnson v. Onsted*, 74 Mich. 437; *Foss v. Hartwell*, 168 Mass. 66; 60 Am. St. Rep. 366.)

William H. Chapman, and B. B. Robinson, for Respondent.

The order was proper, under section 138 of the Civil Code; and under the power of the court to do complete justice. (*Wilson v. Wilson*, 45 Cal. 401; *Ex parte Gordon*, 95 Cal. 375; *Schammel v. Schammel*, 105 Cal. 261; *Plaster v. Plaster*, 47 Ill. 290; *Holt v. Holt*, 42 Ark. 495; *McNees v. McNees*, 97 Ky. 152; *Erkenbrach v. Erkenbrach*, 96 N. Y. 456.)

HARRISON, J.—A decree of divorce was rendered May 29, 1884, between the parties hereto upon the application of the plaintiff and for the offense of the defendant, and by the decree the care, custody, and control of the two minor children of the marriage, then aged five and three years respectively, was awarded to the plaintiff. No provision was made in the decree for the maintenance of the children or for the support of the wife. In 1886 the plaintiff became the wife of R. S. Polastri, and thereupon her husband took the children into his family,

and subsequently brought them up and supported them as members thereof. March 2, 1897, the plaintiff filed in said cause a petition to the superior court for an order requiring the defendant to pay certain moneys for the past support of each of said children, and also for their future maintenance and education. After a hearing thereon, the court made an order requiring the defendant to "pay to the plaintiff the sum of three thousand seven hundred and fifty dollars for the past care, maintenance, education, and support of said minor children, and also the further sum of one hundred dollars a month until the further order of the court for the future support, education, and maintenance of said minor children." From this order the defendant has appealed.

1. Whether the court was authorized to modify the judgment entered in 1884 by adding thereto the provision requiring the defendant to provide for the care, custody, and education of the children is to be determined by a construction of the provisions of the code upon this subject. In jurisdictions where procedure is not regulated by statute, but is according to the rules and practice of the court, such authority is maintained upon the ground that when chancery has once acquired jurisdiction over the subject matter it will continue to exercise that jurisdiction so long and as often as occasion shall require for the purpose of making its decree effective. (*Holt v. Holt,* 42 Ark. 495; *Plaster v. Plaster,* 47 Ill. 290.) But, where the procedure is regulated by statute, courts have not this inherent power, and their jurisdiction over the subject matter of the action, as well as over the parties, terminates with the entry of final judgment therein, except for the purpose of enforcing the judgment and carrying out its provisions, or for correcting any mistakes in the record upon proper application therefor. The judgment becomes final upon its entry, not only as to the matters actually determined, but also as to every other matter which the parties might have litigated in the cause and have had decided. (*Kamp v. Kamp,* 59 N. Y. 212.) In a majority of the states, however, express authority is given to the court by statute to make changes in its judgments from time to time as circumstances may justify. (See *Buckminster v. Buckminster,* 38 Vt. 248; 88 Am. Dec. 652; *Campbell v. Campbell,* 37 Wis.

206.) But the changes which may thus be made are limited to the cases and conditions expressed in the statute by which they are authorized. In *Erkenbrach v. Erkenbrach,* 96 N. Y. 456, after holding that this authority in that state is purely statutory, the court said: "The statute carefully defines the various causes for which a divorce may be allowed, the relief which may be granted in such actions during the pendency thereof, and by its final decree, and the cases in which the courts may make further orders. The legislature has assumed to legislate upon the subject, and has defined the purposes for which an order may be made by the courts after final decree. By expressly authorizing an order to be made after judgment providing only for the 'care, custody, and education of the children of the marriage,' it has impliedly prohibited such an order for any other cause." To the same effect is the provision of section 4 of the Civil Code of this state, which declares: "The code establishes the law of this state respecting the subjects to which it relates." The codes, however, are to be construed as a single statute, and upon this subject section 577 of the Code of Civil Procedure must be read in connection with sections 138 and 139 of the Civil Code. These sections are as follows:

"Sec. 138. In an action for divorce the court may before or after judgment give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

"Sec. 139. Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects."

In *Howell v. Howell,* 104 Cal. 45, 43 Am. St. Rep. 70, it was held that when the original decree of divorce made no provision for an allowance to the wife for her support, the court had no jurisdiction thereafter to make an order compelling the husband to pay alimony to her; that, if no order for its payment was included in the decree of divorce, there was nothing to "modify," and that such subsequent order was void. Under

the reasoning in that case, it must be held that by the failure
to make provision in the decree for the maintenance of the chil-
dren, the court had no authority under this section to make the
order appealed from.    The decision in *Wilson v. Wilson,* 45 Cal.
399, cited by the respondent, was made prior to the adoption of
the codes, and under a statute which expressly authorized the
court to make an order subsequent to the judgment for the
maintenance of the children of the marriage (Stats. 1851, sec.
7, p. 187), but cannot be regarded as an authority under differ-
ent provisions of the code.    Whether the court has power under
section 138 of the Civil Code to make such subsequent order for
the "care, custody, and education" of the children, was not in-
volved in the case of *Howell v. Howell, supra,* and was expressly
stated in the opinion therein not to have been considered.    The
Revised Statutes of New York (2 N. Y. Rev. Stats., sec. 59, p.
148) contain provisions similar to those of section 138 of the
Civil Code, and in *Erkenbrach v. Erkenbrach, supra,* it was held
by the court of appeals of that state, in construing this section of
the statute, that, as it authorized the court to make an order
after judgment for the "care, custody, and education" of the
children of the marriage, it must be assumed that provision for
the expenses reasonably to be incurred for the accomplishment of
these objects was within the intention of the legislature in fram-
ing the section.    This ruling was followed in *McKay v. Supe-
rior Court,* 120 Cal. 143, wherein it was determined that under
the provisions of section 138 of the Civil Code the superior
court had jurisdiction to entertain the application of the plain-
tiff and to make an order thereon.

2. *McKay v. Superior Court, supra,* was an original applica-
tion to this court for a writ of review, and the only question pre-
sented for consideration was the jurisdiction or power of the su-
perior court to make the order; but, whether the facts before the
court justified it in the exercise of this power, or whether the
order was broader in its scope than was justified by the evidence
presented therefor, was not involved or presented for considera-
tion.    These questions are presented upon the present appeal,
and upon an examination of the evidence before the superior
court we are of the opinion that it was not authorized to include
in its order any direction for the payment by the defendant of

the expenses incurred prior to making the application. It clearly appears from the bill of exceptions that Mr. Polastri, immediately upon his marriage with the plaintiff, took the children into his family, and that since that time has cared for them and paid all the expenses of their support and education; and the plaintiff testified that, as far as any compensation for past support is concerned, it would be to recompense Mr. Polastri for moneys that he has spent upon these children. Section 209 of the Civil Code provides: "The husband is not bound to maintain his wife's children by a former husband; but, if he receives them into his family and supports them, it is presumed that he does so as a parent; and where such is the case they are not liable to him for their support, nor he to them for their services." The plaintiff does not claim to have expended any money in the support or education of the children, other than that expended by Mr. Polastri, and, under the provisions of this section, he could have no claim upon the defendant for his support of the children. The provisions of section 138 cannot be made a substitute for an action, or give to him the right to assert through the plaintiff a claim which he could not himself make. (*Johnson v. Onsted,* 74 Mich. 437.)

The provisions of section 138 are in their nature prospective, and the use of the term "direction" instead of "payment" implies that the action of the court is to be limited to the "care, custody, and education" which the children are subsequently to receive under its directions. If the original decree had contained a provision upon this subject, such provision would have been the measure of the rights and liabilities of the parties to the suit until the court should make some modification thereof; and, until the court had given some direction for the subsequent care and education of the children, there could be no liability on the part of the defendant for the expenses that might be incurred thereunder. Manifestly, the court could give no direction for the care and education of the children prior to its order, and, in the absence of such direction, no liability would exist against the defendant, and no obligation could be created against him. In *Kendall v. Kendall,* 5 Kan. App. 688, the minor children had been awarded to the mother, but no provision was made in the decree for their support. Sub-

sequently, upon the application of the mother, the court directed the payment of a certain sum by the father for their support, and that this payment should commence at the date of the original decree. Upon appeal this portion of the order was reversed, and the court directed that the payments should commence at the date of the modification of the order, and not from the date of the original decree. In *Washburn v. Catlin*, 97 N. Y. 623, the general term had made an order requiring the defendant to pay the expenses incurred during the previous nine years, but the court of appeals modified this order by restricting such payment to the expenses incurred subsequent to filing the petition.

The question of the father's liability for the care and support of his children after a decree of divorce, in which their custody has been awarded to the mother, has been frequently presented in actions brought therefor by strangers, or by the mother, and courts have almost invariably held that an action against him to enforce such liability could not be maintained. (*Finch v. Finch*, 22 Conn. 411; *Ramsey v. Ramsey*, 121 Ind. 215; *Burritt v. Burritt*, 29 Barb. 124; *Harris v. Harris*, 5 Kan. 46; *Hancock v. Merrick*, 10 Cush. 41; *Brown v. Smith*, 19 R. I. 319; *Hall v. Green*, 87 Me. 122; 47 Am. St. Rep. 311.) A contrary holding was made in *Pretzinger v. Pretzinger*, 45 Ohio, 452, 4 Am. St. Rep. 542, but, as was said in *Brown v. Smith, supra*, this case is opposed to the preponderance of American authorities upon the subject; and in a subsequent case in the same state (*Fulton v. Fulton*, 52 Ohio, 229, 49 Am. St. Rep. 720), the ruling therein was materially modified. So far as the right of the wife to recover for past expenses incurred by her is involved, the principle is the same whether the application is made in an independent action or through a motion in the original case. The jurisdiction which the court retains in the original case, either by express reservation in its decree, or which it has by authority of statute, to modify its judgment with reference to the custody and education of the children, or to make a new order in reference thereto, is not for the purpose of reimbursing her for any expenditures she may have voluntarily made in that behalf, but to provide for such expenses as may be subsequently incurred by reason of the direction that may be

given regarding such care and education. The children are not parties to the litigation for the divorce, and the jurisdiction thus retained, or which the court is authorized to exercise, is to be exercised in their behalf; but, if they have already been sufficiently cared for by the voluntary act of the mother, or of strangers, the court is not empowered to compel the father to reimburse these persons for such expenses. (See *Loveren v. Loveren,* 100 Cal. 493; *Lacey v. Lacey,* 108 Cal. 45.) Section 208 of the Civil Code declares that: "A parent is not bound to compensate the other parent or a relative for the voluntary support of his child, without an agreement for compensation."

The order is reversed, and the superior court is directed to make such order in the premises as will be consistent with the views herein expressed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.