[L. A. No. 1044.  In Bank.—December 24, 1901.]

## MARY MAUDE SHATTUCK, Respondent, v. CHARLES E. SHATTUCK, Appellant.

DIVORCE—MAINTENANCE OF CHILDREN—OMISSION IN DECREE—LOSS OF JURISDICTION.—Where a decree of divorce makes no provision for the maintenance of the children of the marriage, the court is without jurisdiction subsequently to make any order compelling either party to pay the other for such maintenance.

APPEAL from a judgment of the Superior Court of Los Angeles County.  W. F. Fitzgerald, Judge.

The facts are stated in the opinion.

John Satterwhite, and J. Marion Brooks, for Appellant.

H. T. Gordon, and Goodrich & McCutchen, for Respondent.

HARRISON, J.—A decree of divorce between the parties hereto was rendered by the superior court of the county of Los Angeles, September 4, 1895, and, by the judgment, certain property was awarded to the plaintiff, and it was also "ordered, adjudged, and decreed that the custody and control of Ethel Shattuck, a minor child of the plaintiff and defendant, be and the same is hereby awarded to said plaintiff." No provision was made in the decree in reference to the maintenance or support of the child. November 23, 1899, the plaintiff filed a petition in said cause, and presented the same to the superior court, asking for an order requiring the defendant to contribute a reasonable amount of money, to be determined by the court, for the support of the minor child. In response to said petition, the defendant pleaded that the court was without jurisdiction to make the order prayed for, by reason of the fact that the original decree of divorce contained no provision or reservation in reference to the maintenance of the child. After hearing the petition, the court made an order requiring the defendant to contribute the sum of twenty dollars per month for the support of the minor child. From the judgment entered upon this order the defendant has appealed.

The question presented herein was fully considered by this court in *McKay* v. *McKay*, 125 Cal. 65, and it was there held, that if the decree of divorce makes no provision for the maintenance of the children of the marriage, the court is without jurisdiction subsequently to make any order compelling either party to pay to the other for such maintenance; that the provision in section 138 of the Civil Code authorizing the court to vary or modify its decree "after judgment" is limited to the directions therein for the "custody, care, and education" of the children, and that its power to provide for their "maintenance" must be exercised at the time the decree of divorce is granted; that if it is not exercised at that time, and the decree is silent upon the subject, it can have no jurisdiction

CXXXV. Cal.—13

afterwards to make such·provision. Under the authority of that case, it must be held that the superior court was without jurisdiction to render the judgment appealed from.

The judgment is reversed.

Garoutte, J., Van Dyke, J., McFarland, J., Temple, J., and Henshaw, J., concurred.