[Civ. No. 159.　First Appellate District.—August 24, 1906.]

## ELVIRA CALEGARIS, Respondent, v. JOSEPH CALEGARIS, Appellant.

DIVORCE—DIVISION OF PROPERTY—CUSTODY OF CHILDREN—OMISSION TO PROVIDE FOR CARE AND EDUCATION—JURISDICTION TO MODIFY DECREE.—Where a decree of divorce granted to the wife one-half of the community property, and the custody of the minor children, the omission to provide therein for payment by the husband for their care and education had the legal effect of an adjudication between them that he should not be required to make any further payment therefor to the plaintiff; and the court had no jurisdiction to modify the decree under section 138 of the Code of Civil Procedure, so as to compel the divorced husband to pay to the divorced wife a further monthly sum for their care and education.

ID.—IMPROVIDENT ORDER—ABUSE OF DISCRETION.—When it appeared at the hearing that the minors were in plaintiff's custody, attending the public schools, and there was no showing that the plaintiff, to whom $30,000 worth of property had been awarded by the decree, did not have ample means to provide for their support and future education, an order directing further monthly payments by defendant to plaintiff therefor, without any provision as to their education, and leaving the whole matter discretionary with her, was improvident, and showed an abuse of discretion, under the circumstances of the case.

ID.—CHANGE OF CONDITIONS.—If the conditions of the parties had changed materially after the decree, or if the means allowed to plaintiff had been exhausted, or if the circumstances had been such as to call for aid from defendant to assist in the education of the minors, the question would have been different.

APPEAL from an order of the Superior Court of the City and County of San Francisco, modifying a decree of divorce. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, and O'Connor & Hirsch, for Appellant.

John J. Barrett, for Respondent.

COOPER, J.—This appeal is from an order purporting to modify a judgment and decree of divorce by directing defendant to pay to plaintiff the sum of $60 per month for the future care, education and support of four minor children.

The action was brought by plaintiff for a divorce on the ground of desertion. She asked in the complaint for the care, custody and possession of the minor children—Mario, aged twelve years; Inez, aged ten years; Marguerite, aged eight years; and Hugo, aged six years—and for one-half of the community property, alleged to have been of the value of $60,000.

The court made findings, and caused to be entered a decree on the seventeenth day of April. 1902, granting plaintiff a divorce, the custody of the minor children, and awarding her the sum of $30,000 as permanent alimony for her support, being the amount prayed for in the decree, and which was one-half of the community property. This decree gave no directions as to the education of the minor children, and made no provision for their maintenance or support, but gave to plaintiff their "sole care, custody, control and possession." It has never been appealed from and has become final.

On August 25, 1902, but a little over four months from the date of the decree, plaintiff filed her petition, in which she set forth that the original decree made no provision for the maintenance, support, care, custody or education of said minor children, or any of them, and that they are still minors. The petition further stated that each of the said minors was without means, but contained no statement as to the plaintiff's means, or as to the $30,000 she had received from the defendant under the decree, and concluded with a prayer that the court order the defendant to pay the plaintiff the sum of $50 per month each for the care, custody and education of said minors. It appeared at the hearing that the minors were all in plaintiff's custody, living in her house and attending the public schools. It also appeared that the defendant married after the decree, and now has another family to support.

After the hearing, and on the thirteenth day of October, 1902, the court made an order modifying the judgment and decree of divorce by directing the defendant to pay to plaintiff the sum of $15 per month each from said date "for the

future care, custody and education of each of said four above-named minor children.''

The respondent relies upon the provisions of section 138, Civil Code, and the order must find support, if it can be supported at all, under the provisions of this section, which, at the time it was made, provided as follows: ''In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.'' Under this section the court may, after the judgment, vacate or modify any provision therein which gives a direction for the custody, care or education of the minor children of the marriage.

The primary purpose of this section is that the children of the marriage shall be properly cared for; and the authority thereby given is to be exercised in their interest. (*Crater* v. *Crater*, 135 Cal. 634, [67 Pac. 1049].) If no provision in reference to the children is made in the original judgment, but, by reason of their necessities, or for the protection of their interests, any judicial action is required in their behalf, it may be sought in an independent proceeding therefor. By the terms of the original decree herein, the care, custody and control of the children were given to the plaintiff; and in the order appealed from no modification or change of the judgment in this respect has been made; and in awarding to her $30,000 of the community property, estimated at one-half thereof, and making no provision that the defendant shall contribute to the support or education of the children, it must be assumed that the court intended that he should not contribute to the plaintiff any portion of the expense incurred by her in caring or providing for them. (See *Parkhurst* v. *Parkhurst*, 118 Cal. 18, [50 Pac. 9].) The failure to provide in the original decree that defendant should pay any money to plaintiff for the care, custody and education of the children had the legal effect of an adjudication as between them that he should not be required to make any payment therefor (*Howell* v. *Howell*, 104 Cal. 45, [43 Am. St. Rep. 7, 37 Pac. 770]; *Lamb* v. *Wahlenmeier*, 144 Cal. 91, [103 Am. St. Rep. 66, 77 Pac. 765]), and section 138, Civil Code, above quoted, confers no authority upon the court to declare such obligation. ''If the decree of divorce makes no provision for the maintenance of the children of the marriage the court

is without jurisdiction subsequently to make any order compelling either party to pay to the other for such maintenance.'' (*Shattuck* v. *Shattuck*, 135 Cal. 192, [67 Pac. 45].) Section 196, Civil Code, declares: ''The parent entitled to the custody of a child must give him support and education suitable to his circumstances.'' When a parent is deprived of the custody of his child and therefore of the right to its services and earnings, by summary proceedings, he is no longer liable, as a general proposition for its support and education (per Temple, J., *Ex parte Miller*, 109 Cal. 643, [42 Pac. 428]).

The order herein does not, however, in any way modify or purport to change the provision of the original decree relative to the care or custody of the minor children, nor does it give any ''direction'' as to their future care, custody or education, except in so far as it orders the defendant to pay to the plaintiff $60 per month therefor. Not only does it fail to give any direction as to the education of the minors, but it does not even provide that the money which it requires the defendant to pay shall be expended in their education. It merely directs that the defendant shall pay to the plaintiff $60 per month for their ''care, custody and education,'' thus imposing upon him a pecuniary obligation from which he had been exonerated by virtue of the original judgment in the cause. The order directs the money to be paid to the plaintiff. No direction is given as to the education of the minors, but a direction for the education of minor children means something more than a mere order to pay money. The plaintiff is not even directed to send the minors to school, nor is it directed that they shall attend any school, or that they shall receive any education. As to whether or not they shall be sent to school, or educated in any manner or at all is discretionary with the plaintiff. The code does not contemplate that a father may be directed to pay a monthly allowance, for the education of a minor child, to the mother who receives no direction and is not by the order required to educate such child. The order, if it had made the allowance to the plaintiff for her own use and support, or for the use and support of the minors, would have been void as beyond the jurisdiction of the court, and it is none the less so although called by a different name. The plaintiff made no showing that any expense would be incurred in the education of said children, or in any way except for their support and maintenance, nor

did she make any showing that she had not ample means therefor.

We are further of the opinion that the court, under the circumstances of this case, abused its discretion in making the order. The court, in view of all the circumstances, had given the plaintiff by the decree of divorce all the money and property that she asked for. It had also given her the custody of the minor children. The defendant had the right to suppose that the decree would end the litigation and settle the property rights as between himself and the plaintiff. The plaintiff should have acted in good faith, and should have been satisfied with a decree giving her her just rights and all that she asked. There was nothing in the pleadings or proceedings in the original case to cause the defendant even to suspect that the financial matters between himself and the plaintiff had not been fully settled. He did not have any reason to believe that before the time for appeal from the judgment would expire, the plaintiff would bring him into court again for *more money*. The plaintiff did not, at the time she procured the decree, have it in her mind to ask for more money, or, if she did, and did not disclose such intention, she was not acting in good faith. If the conditions of the parties had changed materially after the decree, or if the means allowed to plaintiff had been exhausted, or if the circumstances had been such as to call for aid from defendant to assist in the education of the minors, the question would have been different. As was well said in *McKay* v. *McKay,* 125 Cal. 65, [57 Pac. 677]. "But the changes which may thus be made are limited to the cases and conditions expressed in the statute by which they are authorized."

The order is reversed with directions to the court to dismiss the petition.

Harrison, P. J., and Hall, J., concurred.