[Sac. No. 1500. In Bank.—October 8, 1908.]

## LENA J. HARLAN, Respondent, v. W. C. HARLAN, Appellant.

DIVORCE—FINAL JUDGMENT—ORDER FOR SUPPORT OF CHILDREN—EXE-
CUTION UNDER ORDER—DISCRETION.—Under section 685 of the Code
of Civil Procedure, where a valid order has been made after final
judgment in an action of divorce requiring the husband to pay to
the wife at stated intervals a sum of money for the support,
education, and maintenance of their minor children, the court has
power, at any time after the entry of the order, to order execution
to issue for the amount unpaid. The mere fact that the wife has
allowed ten years to elapse without making any effort to compel
payment does not show any abuse of discretion by the court in
ordering execution to issue.

ID.—APPEAL FROM ORDER REFUSING TO VACATE ALLOWANCE—COLLAT-
ERAL ATTACK—JURISDICTION.—A subsequent motion by the husband
to vacate the order for the allowance to the wife and the order
directing execution to issue thereon, is a collateral attack and on
an appeal from an order denying such motion the appellant is lim-
ited to the single contention that the court, in making the order
of allowance, exceeded its jurisdiction, and that, in consequence, the
order itself is void.

ID.—SUBSEQUENT ORDER FOR SUPPORT OF CHILDREN BY DIVORCED HUS-
BAND.—Where a court had, in the year 1891, made a decree of divorce
in favor of a wife, awarding to her the custody of the minor chil-
dren, but making no provision for their support by the husband, it
retained power, under section 138 of the Civil Code as it then read,
after the time for appeal from the decree had passed, to make an
order requiring the divorced husband to pay for the future "sup-
port, education and maintenance" of said children.

ID.—JURISDICTION OF COURT AFTER FINAL JUDGMENT.—When the superior
court has made a decree of divorce which has, by lapse of time,
become final, and has not, in the decree itself, reserved jurisdiction
to make a supplemental decree, its only power to make further
orders affecting the property rights of the parties is that declared
in sections 138 and 139 of the Civil Code.

ID.—MODIFICATION OF DECREE AS TO MAINTENANCE OF CHILDREN.—
Where the divorce is granted for an offense of the husband, and the
decree requires him to provide for the maintenance of the children
or the support of the wife, the court may at any time, under section
139 of the Civil Code, modify the order making provision for such
maintenance or support. This section does not, however, authorize
the making of any order after final judgment where the decree
itself contains nothing on the subject of maintenance of children
or support of wife.

ID.—JURISDICTION TO MAKE SUBSEQUENT ORDER FOR SUPPORT OF CHIL-
DREN.—Section 138 of the Civil Code, as it stood in 1891, is not so
limited. It authorizes action by the court before or after judgment,
and where an order is made after judgment, the right to make it
exists whether or not the subject of the additional order was
touched upon in the decree. Section 138 does not assume to deal
with allowances for the support of the wife, and such allowance
cannot be made by order subsequent to the decree of divorce where
the decree itself contains no provision regarding the wife's support.

ID.—ORDER MAY REQUIRE PAYMENTS OF MONEY FOR SUPPORT OF CHIL-
DREN.—The power to give directions for the "custody, care and edu-
cation" of the children of the marriage vested in the court by sec-
tion 138, involves the right, not merely to declare who shall have the
custody, and what shall be the nature of the care and education of
the children, but also, by necessary implication, to require the pay-
ment by one of the parties, of such sums as may be necessary in
properly carrying out the objects contemplated by the statute.

ID.—TERMS OF ORDER—SUPPORT, EDUCATION, AND MAINTENANCE.—The
power conferred on the court by section 138 of the Civil Code to
give directions, after final judgment, for the "custody, care and
education" of the children, authorizes the court to make an order
requiring payments to be made for their future "support, education
and maintenance," and an order couched in such terms is valid and
within the jurisdiction of the court. It is not necessary that such
order should give separate specific directions regarding the manner
of such custody, care, or education.

ID.—SECTION 138 OF CIVIL CODE TO BE LIBERALLY CONSTRUED.—Section
138 of the Civil Code is designed for the protection of the children
and should be liberally construed.

APPEAL from an order of the Superior Court of Yolo
County denying a motion to set aside an order directing a
divorced husband to pay a monthly sum of money for the sup-
port, education, and maintenance of his children, and directing
execution to issue. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

N. A. Hawkins, and C. W. Thomas, for Appellant.

Hurst & Hurst, and White & Miller, for Respondent.

SLOSS, J.—In May, 1891, the superior court of Yolo
County entered a decree granting to Lena J. Harlan a divorce
from W. C. Harlan. The decree awarded to the wife, plaintiff
in the action, the custody of the three minor children of the

parties, and awarded to her a portion of the community property. It was further decreed that "the property so awarded to plaintiff shall be in lieu of any further provision or alimony for her personal maintenance or support."

In April, 1895, Lena J. Harlan filed in the same action a petition for an order requiring the defendant to pay her the amount theretofore expended by her for the support, maintenance, and education of the children, "and a further periodical amount hereafter for the support and education of his said children." The defendant answered this petition, and, after a hearing, the court, in August, 1895, made an order that the plaintiff retain the custody of the children, and that defendant pay to plaintiff "for their support, education and maintenance" the sum of sixteen dollars per month for each child, or forty-eight dollars for the three, payments to commence on September 1, 1895. On September 11, 1895, the court made a modifying order directing the defendant to pay the plaintiff thirty-two dollars per month instead of forty-eight dollars.

Ten years later, in September, 1905, the plaintiff applied for an order directing that execution issue for an amount claimed to be due and unpaid under the order of September, 1895, and upon an *ex parte* showing, the court ordered that execution issue against the defendant for $4,096.55. Thereupon the defendant moved to set aside the order of September 11, 1895, and the order directing execution to issue thereon. The court, reducing the amount for which execution was to issue to $4078.30, denied the defendant's motion, and ordered execution to issue for the last-named sum. From this order the defendant has appealed.

If the order of September, 1895, requiring the defendant to pay thirty-two dollars monthly to the plaintiff, was valid, there can be no question that the court had power at any time after the entry of the order, to direct execution to issue for the amount unpaid. (Code Civ. Proc., sec. 685; *Harrier* v. *Bassford*, 145 Cal. 529, [78 Pac. 1038]; *Doehla* v. *Phillips*, 151 Cal. 488, [91 Pac. 330].) And the mere fact that plaintiff had allowed ten years to elapse without making any effort to compel payment affords no ground for the contention that the court abused its discretion in ordering execution to issue. (*Doehla* v. *Phillips*, 151 Cal. 488, [91 Pac. 330].)

The appellant must, therefore, succeed, if at all, by showing the invalidity of the order of 1895, which the plaintiff was seeking to enforce by means of an execution. In this proceeding, which is clearly a collateral attack upon that order, the appellant is limited to the single contention that the court, in making the order assailed exceeded its jurisdiction, and that, in consequence, the order itself is void. In passing upon this contention, the question for decision is whether a court which had, in 1891, made a decree of divorce in favor of a wife, awarding to her the custody of the minor children, but making no provision for their support by the husband, retained power, after the time for appeal from the decree had passed, to make an order requiring the divorced husband to pay for the future "support, education and maintenance" of said children.

The answer to this question must be sought in sections 138 and 139 of the Civil Code. Section 138, at the time the judgment of divorce in this case was made and entered, read as follows: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." The provision of section 139 is that "where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively, and the court may, from time to time, modify its orders in these respects." The proper construction of these sections has been the subject of consideration by this court in several cases.

*Howell* v. *Howell*, 104 Cal. 45, [43 Am. St. Rep. 70, 37 Pac. 770], was an action for divorce commenced by the wife. A decree was rendered, granting her a divorce, and awarding her certain community property. There was no provision for alimony. After the judgment had become final, the court, upon the petition of the plaintiff that the defendant be required to pay to her a certain monthly sum "to support herself, and support and educate her said minor children," made an order that defendant pay to plaintiff the sum of one hun-

dred dollars upon the twentieth day of each month until the
further order of the court. Upon appeal from this order it
was held that the lower court was without jurisdiction to
make the order appealed from. The court quotes the provi-
sions of section 139 to the effect that the court may, under
certain circumstances, compel the husband to provide for the
maintenance of the children and to make a suitable allowance
for the support of the wife, and that "the court may from
time to time modify its orders in these respects." "But," it
is said, "the latter section clearly contemplates that the right
to alimony, as well as other financial and property rights,
shall have been presented and litigated in the action for
divorce and established by the judgment; and the provision
is that, where the right to alimony has been thus established,
the amount may be changed by a modification of the order.
But in the case at bar there is nothing to 'modify.' After
the judgment granting the divorce the plaintiff was no longer
the wife of the defendant, and he owed her no longer any
marital duty. From that time she could enforce against him
no obligation not imposed by the court at the time of the
judgment." The case had to do with the construction of
section 139 alone, and the court was careful to guard against
the implication that it was intended to make any declaration
regarding the extent of the power conferred by section 138.
In this connection the opinion says: "It is not necessary here
to determine what order the court might make 'after judg-
ment,' under section 138 of the Civil Code, with respect to
the 'custody, care, and education of the children of the mar-
riage.' The order under review is for alimony for the wife,
and for her support; and its character is not changed by the
mention of the children."

*McKay* v. *Superior Court*, 120 Cal. 143, [52 Pac. 147], was
an original application to this court for a writ of review. In
1884 Emma J. McKay, then the wife of the petitioner, had
obtained a decree of divorce from her husband. The decree
awarded her the care, custody, and control of the minor
children of the marriage, but contained no provision for ali-
mony for their maintenance and support. In May, 1898,
Emma J. McKay, who had since remarried, filed, in the action
in which the decree of divorce had been granted, a petition
praying an order to compel the defendant in that action to

pay fifty dollars a month for the past support of each of the children and fifty dollars a month for the future support of each of them until the further order of the court. The order was made and the defendant appealed therefrom, giving a bond to stay execution. Thereupon the wife obtained from the superior court an order directing the defendant to pay the sum of two hundred and fifty dollars as attorney's fees to enable the minors to properly present their response to the appeal. The defendant applied to this court for a writ of review to annul the order last made. In passing upon his application this court deemed it necessary to consider the validity of the order requiring the payment of money for the support of the minor children, and determined that that order was not beyond the jurisdiction of the superior court. This conclusion was based upon the provisions of section 138 of the Civil Code, which was held to expressly vest in the superior court the power to make, before or after judgment, such order as might seem proper for the maintenance of minor children. *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456, and other cases are cited in support of this view. The court points out the distinction between the case before it and *Howell* v. *Howell,* 104 Cal. 45, [43 Am. St. Rep. 70, 37 Pac. 770], in which case, as was said, "section 138 of the Civil Code and the rights of minor children to maintenance and support under it were not before the court."

The order considered in *McKay* v. *Superior Court* was again the subject of consideration in *McKay* v. *McKay,* 125 Cal. 65, [57 Pac. 677]. That was a direct appeal by the defendant from the order requiring him to pay to the plaintiff a certain sum for the past care, maintenance, education, and support of the children, and a further monthly sum for their future support, education, and maintenance. On such appeal the court was not limited to an examination of the power or jurisdiction of the lower court, but could and did determine whether that power had been rightly or erroneously exercised. It was held that the lower court erred in compelling the defendant to reimburse the plaintiff for expenses incurred in the maintenance, support, and education of the children prior to the time of her application, and the order was reversed with directions to the superior court to make such order as would be consistent with this view. In the

opinion reference is made to *Howell* v. *Howell* and *McKay* v. *Superior Court,* and it is pointed out that the Howell case decides no more than that where no provision is made in the decree for the maintenance of the wife or the children the court has no authority *under section 139* to subsequently make an order for such provision. Reference is again made to the Erkenbrach case, which held that as the section of the revised statutes of New York, similar in its terms to section 138 of the Civil Code, authorized the court to make an order after judgment for the care, custody, and education of the children of the marriage "it must be assumed that provision for the expenses reasonably to be incurred for the accomplishment of these objects was within the intention of the legislature in framing the section."

*Shattuck* v. *Shattuck,* 135 Cal. 192, [67 Pac. 45], was an appeal by the defendant from an order made after judgment of divorce against him had become final, requiring him to contribute the sum of twenty dollars per month to the support of the minor child of himself and plaintiff. The decree of divorce had awarded the custody of the child to plaintiff (wife), but contained no provision in reference to the maintenance or support of the child. The opinion is very brief and is based entirely upon the decision in *McKay* v. *McKay,* 125 Cal. 65, [57 Pac. 677]. Of that case it is said that "it was there held that if the decree of divorce makes no provision for the maintenance of the children of the marriage, the court is without jurisdiction subsequently to make any order compelling either party to pay to the other for such maintenance; that the provision in section 138 of the Civil Code authorizing the court to vary or modify its decree 'after judgment' is limited to the directions therein for the 'custody, care and education' of the children, and that its power to provide for their 'maintenance' must be exercised at the time the decree of divorce is granted; that if it is not exercised at that time, and the decree is silent upon the subject, it can have no jurisdiction afterwards to make such provision." And upon the authority of *McKay* v. *McKay,* so construed, it was held that the superior court was without jurisdiction to render the judgment appealed from and such judgment was reversed.

An endeavor to show a complete harmony and consistency in these various decisions would be a task of no little difficulty.

This much, however, may be said to be the clear and unequiv-
ocal result of sections 138 and 139, together with the opinions
of this court dealing with those sections. When the superior
court has made a decree of divorce, which has, by lapse of
time, become final, and has not, in the decree itself, reserved
jurisdiction to make a supplemental decree, its only power to
make further orders affecting the property rights of the par-
ties is that declared in sections 138 and 139 of the Civil Code.
Where the divorce is granted for an offense of the husband,
and the decree requires him to provide for the maintenance
of the children or the support of the wife, the court may at
any time, under section 139, modify the order making pro-
vision for such maintenance or support. This section (139)
does not, however, authorize the making of any order after
final judgment where the decree itself contains nothing on
the subject of maintenance of children or support of wife.
Section 138, permitting the court to give directions for the
custody, care, and education of the children, is not so limited.
It authorizes action by the court before or after judgment,
and where an order is made after judgment, the right to make
it exists whether or not the subject of the additional order
was touched upon in the decree. Section 138 does not assume
to deal with allowances for the support of the wife, and it is
clear, therefore, that such allowance cannot be made by order
subsequent to the decree of divorce where the decree itself
contains no provision regarding the wife's support. The
power to give directions for the custody, care, and education
of the children of the marriage, vested in the court by section
138, involves the right, not merely to declare who shall have
the custody, and what shall be the nature of the care and
education of the children, but also, by necessary implication,
to require the payment, by one of the parties, of such sums
as may be necessary in properly carrying out the objects con-
templated by the statute.

There is nothing in any of the cases cited which conflicts
with what we have so far said. And it would seem to follow
that an order for the payment of money to be applied to any
purpose which may fairly be said to be embraced within the
phrase "custody, care and education of the children" may be
made after a judgment of divorce, whether or not the decree
has provided for these objects. But the Shattuck case holds

that an order for the "maintenance" of the children, subsequent to a decree which makes no provision for their maintenance, is not within the power of the court. If this conclusion be sound, it must be because "maintenance" is not included within "care and education." We are unable to see any force in this position. The word "care," as used in the statute, is, if not synonymous with maintenance, a broader term. (*Kelly* v. *Jefferis*, 3 Penne. (Del.) 286, [50 Atl. 215]; *Christy* v. *Pulliam*, 17 Ill. 59.) Combined with "custody" and "education," it includes every element of provision for the physical, moral, and mental well-being of the child. That the duty of "caring" for a child can be properly discharged without furnishing to it adequate shelter, clothing, and food would hardly be contended. How, then, can it be said that the court, under its power to give directions for the care, custody, and education of the children, has not the power to require money to be paid for their maintenance? If the order in the Shattuck case had directed the husband to pay twenty dollars per month for the "care and education" of the minor child there would, in view of the rulings in the McKay cases, have been no ground for contending that the court had exceeded its jurisdiction. In holding the contrary merely because, in seeking to accomplish substantially the same result, the court used the word "support" or "maintenance," we think too much stress was laid on a mere verbal distinction. Furthermore, we can find in *McKay* v. *McKay,* which is the sole authority relied on in the Shattuck case, no warrant for the conclusion that an order for "support" or "maintenance" of minor children may not be made notwithstanding the fact that a preceding decree of divorce is silent on the subject of such support. All that was held in *McKay* v. *McKay* was that the court should not, by an order made in such a case, compel the husband to reimburse the wife or a third party for past expenditures incurred for the benefit of the children. The decision, read in connection with *McKay* v. *Superior Court,* fully supports the right of the court to make an order for future provision. The order there reviewed required payments for the *"support,* education and *maintenance"* of the children. It is not suggested in the opinion in 120 Cal. or in that in 125 Cal. that the jurisdiction of the court was to be upheld because the order happened to contain the word "education," one of

the terms employed in section 138. The reasoning of the decision is that all of the purposes declared in the order were within the scope of this section.

The order here in question directs payments for "support, education and maintenance" of the children of the marriage. The language is precisely the same as that used in *McKay* v. *McKay*, and if there be any valid ground of distinction between that case and *Shattuck* v. *Shattuck*, the jurisdiction of the trial court in this case may well be sustained on the authority of the McKay case. We believe, however, that there is no such ground, and that an order for the benefit of the children is equally within the jurisdiction of the court under section 138, whether it uses the terms "maintenance and support" or the broader and more inclusive expression, "custody, care and education."

We have already pointed out that the power to give "directions" for the custody, care, and education of children carries with it the power to require payments of money for these purposes. It is contended that, if this be so, the court can order money to be paid only where it has given some separate specific direction regarding the manner of such custody, care, or education, and the payment is necessary to carry out such direction. But we see no reason for giving this, or any, narrow interpretation to section 138. It is a statute enacted for the protection of the children. Whatever may be the effect of a decree of divorce as between husband and wife, it does not destroy the obligation of either parent toward the children. A law intended to make it possible to enforce this obligation should be liberally construed. When the court orders that money be paid by the father for the custody, care, or education of his children, it is, according to the ordinary sense of the words, and certainly within the meaning of the statute, giving "directions," for their custody, care, or education. An order that money be paid for certain purposes implies a direction to the recipient that it be used for those purposes.

For these reasons, it must be held that the order of 1895, requiring the defendant to make payments for the future "support, education and maintenance" of his children was within the jurisdiction of the court. It may be added that, with respect to decrees of divorce granted after May 2, 1905, the legislature has, by an amendment to section 138, taking

effect on that date, expressly included "maintenance and support" of children among the enumeration of the objects to be provided for by order made at, before, or after the hearing of an action for divorce. It is probable that the decision in *Shattuck* v. *Shattuck* was thought to make this change necessary in order to give effect to the real intention of the legislature. We are satisfied, however, that the same intention had been declared by the prior enactment.

The order appealed from is affirmed.

Shaw, J., Angellotti, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.