163 Cal.App.2d 129 (1958)
LEOLA WASHINGTON, Respondent,
v.
GEORGE WASHINGTON, Appellant.
Civ. No. 17855. 
California Court of Appeals. First Dist., Div. Two. 
Aug. 25, 1958.
 Edward D. Mabson for Appellant.
 Terry A. Francois and Carl B. Metoyer for Respondent.
 DOOLING, J.
 Defendant appeals from an order for attorney's fees and costs to enable plaintiff to resist two appeals taken by defendant from two orders in plaintiff's favor.
 A final decree of divorce was entered herein on May 11, 1951. By the terms of that judgment, which has long since become final, the custody of the minor child of the parties was awarded to plaintiff but no order for any payments for the support of said child was included therein, nor did said judgment contain any provision for alimony.
 On February 10, 1955, the court made an order modifying the final decree to require defendant thereafter to pay $75 per month for the support of the child. No appeal was taken from this order. On December 14, 1956, the court found that the sum of $1,650 was accrued and unpaid under the previous order for child support. Defendant filed notice of appeal from this order.
 On October 22, 1946, before the entry of the interlocutory decree of divorce herein, the court made an order for temporary alimony. No appeal was taken from this order. On December 31, 1956, the court made an order imposing a lien upon the balance remaining from the judgment recovered by defendant in Washington v. City & County of San Francisco, 123 Cal.App.2d 235 [266 P.2d 828], to secure the balance accrued and unpaid to plaintiff herein under said order for temporary alimony. Defendant appealed from this order.
 It was to enable plaintiff to oppose these two appeals that the order herein appealed from was made.
 [1a] The basic power to allow attorney's fees and costs to enable plaintiff to oppose the two appeals is found in Civil Code, section 137.3, as it read in April 1957 when the order appealed from was made. That section after providing for the award of attorney's fees and costs during the pendency of an action for divorce, continued: "In respect to services rendered after the entry of judgment ... the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein ..." (Stats. 1953, p. 1864.) We have no doubt that this language is broad enough to give the court power to allow reasonable attorney's fees and costs in any proceeding taken *131 in the divorce action, after final judgment has been entered, which the court has jurisdiction to entertain.
 [2] Plaintiff is legally entitled to the amounts accrued under the order for temporary alimony up to the time when that order was terminated or superseded by further order or the interlocutory decree of the court. (Millar v. Millar, 175 Cal. 797, 809-810 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415]; Solomon v. Solomon, 118 Cal.App.2d 149, 155 [257 P.2d 760].) Under settled principles the divorce court has jurisdiction after final judgment to take the necessary action to enforce the satisfaction of this accrued obligation.
 [3] As to the order for payments for the support of the child appellant argues that since the final judgment made no provision for child support and contained no reservation of power to make a future order in that regard the court was without power to make its subsequent order, citing Howell v. Howell, 104 Cal. 45, 47 [37 P. 770, 43 Am.St.Rep. 70]. The Howell case was explained in McKay v. Superior Court, 120 Cal. 143, 146-147 [52 P. 147, 40 L.R.A. 585], as not covering the case of awards for child support. Since the decision in McKay our courts have consistently held that while an allowance for the support of the wife may not afterwards be made if the final decree makes no provision for alimony and contains no reservation of power to make such order in the future (McClure v. McClure, 4 Cal.2d 356, 359 [49 P.2d 584, 100 A.L.R. 1257]), the court does have continuing jurisdiction to make awards for child support although the final decree is silent on that subject (Krog v. Krog, 32 Cal.2d 812, 816-817 [198 P.2d 510]). This power is found in Civil Code, section 138, which gives the court continuing jurisdiction over the custody of the children.
 [1b] Since both proceedings were "subsequent proceedings" in the divorce action which the court had jurisdiction to entertain the portion of Civil Code, section 137.3, above quoted gave the court the power to make the award of counsel fees and costs.
 [4] Appellant points out that he has created a trust for the future support of the child, but this cannot affect the right to recover the amounts accrued under the order for child support before the trust was created, nor can appellant successfully argue that the fact that the mother has supported the child after the support order was made bars her from recovering the amounts due and unpaid under that order. McKay v. McKay, 125 Cal. 65 [57 P. 677], cited by appellant *132 only holds that an order for past support cannot be made by the court, not that an order for future support cannot be enforced as to past due instalments.
 The necessity for the allowance is sufficiently shown by plaintiff's affidavit that she has no funds nor property with which to pay counsel fees and costs, her only property being an interest in community property under the management and control of her present husband.
 The order is affirmed.
 Draper, J., concurred.