(108 App. Div. 296.)

### KALMANOWITZ v. KALMANOWITZ.

(Supreme Court, Appellate Division, First Department.   November 10, 1905.)

CONTEMPT—REFUSAL TO PAY ALIMONY—AUTHORITY TO MAKE DEMAND.

Commitment of plaintiff in a divorce suit, for contempt for failure to pay the alimony provided by the judgment, is not authorized on evidence merely that the attorney who had represented defendant therein demanded the payment of him; the attorney's power to represent defendant having ceased on entry of the judgment, and it not appearing that he had, or exhibited to plaintiff, authority to receive the alimony on behalf of defendant.

Appeal from Special Term, New York County.

. Action by David Kalmanowitz against Annie Kalmanowitz for divorce. From an order adjudging him in contempt for failure to pay alimony, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

August P. Wagener, for appellant.

INGRAHAM, J.  This proceeding is based upon a final judgment in favor of the defendant against the plaintiff, granting a limited divorce, which was granted upon default, and which, among other things, required the plaintiff to pay to the defendant $5 a week alimony.  The affidavit alleged that the plaintiff had failed to pay the alimony due prior to the 29th day of June, 1903; there being on that day three payments, of $5 each, due under the judgment. There is annexed to the moving papers an affidavit of the attorney for the defendant, who says that on the 13th day of June, 1905, he served a certified copy of the judgment of separation in this action upon the plaintiff; and in another affidavit, verified on the 30th of June, the same attorney says that on the 23d day of June, 1905, he demanded payment of the alimony of the plaintiff, which the attorney told the defendant was at that time $10 for two weeks' alimony, and that the plaintiff refused to pay.

I think this demand was insufficient to justify a commitment for contempt.  There is no allegation that this attorney was authorized to make this demand on behalf of the defendant, nor that the person making the demand exhibited to the plaintiff his authority to receive the alimony on behalf of the defendant.  The attorney's power to represent the defendant ceased upon the entry of judgment.  A copy of the judgment is not made a part of the papers on appeal, but certainly the plaintiff was not bound to pay alimony due to the defendant to any person who should meet him and ask him for it, and I do not think he can be put in default until a formal demand is made on behalf of the defendant by some one authorized to make the demand and to receive the money.  It also appears that the order committed the defendant for contempt for failing to pay·

$15 alimony, although the only demand set forth was that to which attention has been called, and which was a demand for $10.

I think the order appealed from should be reversed, and the motion denied. All concur.

