# SIMMONS v. PALMER.

CONTEMPT OF COURT; COMMITMENT; CUSTODY OF CHILDREN; EQUITY.

1. The commitment to jail of a defendant in an equity suit for failure to obey a decree requiring him to pay money for the support of his infant child, "until he has complied with such decree, or until further order of the court," is not void as indefinitely defining the term of imprisonment. (Following *Lane* v. *Lane,* 27 App. D. C. 171.)

2. The supreme court of the District of Columbia has jurisdiction in a divorce proceeding to commit a husband to jail for refusal, when ordered, to pay money for the support of his wife and minor child (following *Tolman* v. *Leonard,* 6 App. D. C. 224, and *Lane* v. *Lane,* supra) ; and it is equally within the power of that court to take such action against a husband for his failure to obey an order requiring him to pay money to an aunt of his minor child, for its temporary support and maintenance, although a previous order gave him custody of the child (citing *Slack* v. *Perrine,* 9 App. D. C. 128, and *Wells* v. *Wells,* 11 App. D. C. 392).

3. The act of Congress of March 19, 1906 (34 Stat. at L. 73, chap. 960), conferring authority upon the juvenile court of this District to compel a father to provide for the support of his minor children, does not take away the jurisdiction of an equity court in a divorce suit to compel a husband, by commitment for contempt, to pay money for the support of his minor children, but relates only to cases of juvenile de-

linquency, and provides for a criminal action against a parent to compel him to support his minor children.

No. 2013.    Submitted October 12, 1909.    Decided November 2, 1909.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, dismissing a petition for the writ of habeas corpus.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of one of the justices of the supreme court of the District of Columbia, dismissing a petition for a writ of habeas corpus. It appears that on January 21, 1909, in a suit for divorce then pending between James Lee Simmons and Margaret J. Simmons, an interlocutory decree was entered, directing the plaintiff husband to pay to one Minnie E. Newcomer, a sister of the defendant wife, the sum of $4 per week for the support and maintenance of his infant son. On February 12, 1909, on showing made to the court that the plaintiff had not complied with said order, a rule was issued to him to show cause why he should not be adjudged in contempt of court. In response to the rule, it appears from the petition herein that he appeared and answered by affidavits. These affidavits do not appear in the record before us, and presumably were not presented to the court below. On February 24, 1909, the appellant was adjudged in contempt of court and committed to jail, there to remain, in the language of the order, "until he has complied with such decree, or until the further order of this court." From this order the case comes here on appeal.

*Mr. A. W. Levensaler* for the appellant.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. F. Sprigg Perry,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is insisted that the term of imprisonment here imposed is not clearly defined, and for that reason the commitment is void. It may be conceded that the writ of habeas corpus is available where the period of imprisonment is not clearly defined, but that rule has no application to this case. The defendant was committed to jail until he should comply with the decree requiring the payment of the money, or until the further order of the court. This is not an alternative or indefinite order. It left it within the power of the defendant to purge himself of the contempt and secure his release at any time. The addition of the statement "or until the further order of the court" neither added to nor detracted from the order. It still lay in the power of the defendant to secure his own release at any time by compliance with the command of the court, while the court, without any statement in the order to that effect, had the power to change the order at any time, and release the defendant. Hence, the decree was neither indefinite nor alternative. This form of commitment has been upheld by this court. In *Lane* v. *Lane,* 27 App. D. C. 171, the order was in effect the same as here. The material part of the order in that case was as follows: "And it is further ordered by the court that the defendant be allowed five (5) days from the date of this order to pay to the complainant, Emma E. Lane, or her solicitor, the sum of seventy-five dollars ($75) alimony, due under the order of this court; and, in default of such compliance with this order, the said defendant shall be taken and placed in the custody of the United States marshal of the District of Columbia, and held by him until the further order of this court, or until the said sum is paid."

It is settled law in this jurisdiction that the supreme court of the District of Columbia has jurisdiction in a divorce proceeding to commit a husband to jail for refusal, when ordered, to pay alimony for the support of his wife and minor children. *Tolman* v. *Leonard,* 6 App. D. C. 224; *Lane* v. *Lane,* supra. It is contended, however, by counsel for appellant, that the

court below was without jurisdiction to compel the payment of alimony to the aunt for the support of the infant child; that, at common law, the father could not be compelled to support his children, and that, under the statutes in this District, he can only be compelled to pay alimony in a divorce proceeding to the wife for the support of his minor children when the wife has been given the custody of the children. In the present case, it appears that, almost two years before the order here in question was made, an order was made in the court below, in accordance with an agreement between the husband and the wife, giving the custody of the minor child to the father. This order was not expressly revoked by any subsequent order of the court. Neither do we think that the order in question has that effect, or, in fact, has any bearing whatever upon the actual custody of the child. Neither is this an order for the payment of alimony. It is for the deposit of a fixed sum, with one whom the court regarded as a suitable person, for the maintenance and support of the infant child.

We do not consider that the provisions of the Code relating to the payment of alimony to the wife in a divorce proceeding have any particular bearing on this case, as this is not an order for the payment of alimony. When a husband and wife are brought into court in a divorce proceeding, the domestic relation is made a matter of judicial investigation to the extent of protecting the infant children of the parties. In such a proceeding, the court will extend its arm to equitably protect the infants. In the present case, it is of no importance that, long prior to the making of the order in question, the court had given the custody of the minor child to the father. The present order does not necessarily change the custody. It does not place the minor child in the custody of the mother's sister, to whom the money is directed to be paid. The power conferred upon the court to require the father to contribute to the support of the child implies the power to see that the money shall be so used. The record does not disclose the reason the court had for requiring the weekly payment to be made to the aunt. It may well have been that it appeared to the court that neither the mother nor father were fit persons, during the divorce con-

troversy, to provide for and look after the interests of the minor child, and that the aunt could best perform, for the time being, this function. Without formally changing the custody of the child, the court had full power to make just such a temporary arrangement as seems to have been made, simply providing means to make sure of the maintenance of the minor child, and leaving the question of permanent custody open for subsequent consideration. In the absence of a showing to the contrary, we must assume that a condition existed which authorized the action taken by the court.

In *Slack* v. *Perrine,* 9 App. D. C. 128, 160, the court was considering, in a habeas corpus proceeding, the custody of certain children. Speaking of the power of the court to protect the minor children brought within its jurisdiction by the acts of the parents, the court said: "Their welfare is a matter of paramount consideration at all times and under all circumstances. Courts of competent jurisdiction will always extend their arms to protect infants from injury and contamination, to the extent, when necessary, of taking them from the custody of guardian or parent." While the statutes with relation to the payment of alimony seem to apply strictly to cases where the minor children have been placed in the custody of the wife, yet, where a court of equity is making the domestic relations of the parents a matter of judicial investigation, it would be folly to say that the court would be powerless to temporarily provide for the welfare of the minor children, should it appear that neither of the parents were properly caring for them. We think, under the circumstances, the court had authority to make such an order as seemed just and equitable in the premises, and to enforce it. As this court said in *Wells* v. *Wells,* 11 App. D. C. 392: "This power of the court in respect to the children of the marriage is incidental only to the principal subject-matter of controversy; and it becomes the duty of the court to act, whether the parents make special application for the custody and maintenance of the children or not. * * * It has been repeatedly declared in such cases, that the courts do not act to enforce the rights of either parent, but to protect

the interest and general welfare of the children.   2 Bishop, Marr. & Div. § 532, and cases cited; *Barrere* v. *Barrere,* 4 Johns. Ch. 187; *Goodrich* v. *Goodrich,* 44 Ala. 670; *Prather* v. *Prather,* 4 Desauss. Eq. 33, 44." But, as before stated, the order in question does not necessarily affect the custody or control of the child, but provides for its support.   This the court had power to do.

Reference has been made by counsel for appellant to the provisions of the statutes conferring authority upon the juvenile court to compel the father to provide for the support of his minor children.   Those statutes relate not to equitable proceedings for divorce, but to cases of juvenile delinquency.   The appellant is here imprisoned under civil process in the nature of an execution to enforce obedience to an interlocutory order made in an equitable proceeding.   The process is the same as would be employed to compel the payment of alimony.   It is a civil contempt, and not in the nature of a criminal action; while, in the juvenile court, the proceedings are purely criminal.   The juvenile court is an inferior court of special limited jurisdiction, and, as the case before us is not one involving juvenile delinquency or a statutory or criminal action against the parent to compel him to support his minor child, the further consideration of this point may be dismissed.

The judgment is affirmed with costs, and it is so ordered.

*Affirmed.*