## ELKINS v. ELKINS.

(Court of Appeals of District of Columbia. Submitted March 5, 1924. Decided May 5, 1924.)

No. 4018.

1. **Divorce ⬅⇒309—Service of notice of motion to increase allowance for child's support held sufficient.**

Service on defendant, against whom a divorce decree had been rendered, of notice of a motion to increase allowance for child's support, made by United States deputy marshal by leaving a copy at defendant's residence in New Jersey with an adult member of defendant's family, and by a registered letter receipted for by another on defendant's behalf, *held* sufficient, in view of equity rule 26, as jurisdiction already existed.

2. **Divorce ⬅⇒289—By commencement of suit court acquires jurisdiction of issues relating to maintenance of child, which continues as long as necessary.**

A court, by commencement of a divorce suit, acquires jurisdiction over defendant for purposes, not only of the divorce and alimony issues, but also those relating to maintenance of a child, and that jurisdiction continues as long as necessary to make effective court's decrees.

3. **Equity ⬅⇒38—Jurisdiction, once acquired, continues as long as necessary.**

When chancery court once acquires jurisdiction over a subject-matter it will continue to exercise that jurisdiction as long as necessary, in order to grant full and final relief.

4. **Divorce ⬅⇒309—Court may afterwards add order to decree requiring father to furnish maintenance for child.**

Though there is no reservation in a divorce decree granting alimony and custody of a child to its mother, the court may afterward add an order requiring father to furnish maintenance for the child.

5. **Divorce ⬅⇒309—"Care and custody" of children, within statute providing that case shall remain open for future orders, includes maintenance.**

The phrase "care and custody of children," within Code, § 978, providing that, after rendition of a divorce decree providing for "care and custody of children," the case shall be considered open for any future orders, includes maintenance.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Care and Custody.]

6. **Divorce ⬅⇒309—Defendant entitled to receive notice of motion to increase alimony.**

A defendant against whom a divorce decree has been rendered is entitled to receive such notice of a motion to increase allowance for child support as is required by rules of practice in trial court.

7. **Divorce ⬅⇒309—Decree based on defective notice of motion to increase allowance not void.**

A decree based on a defective or irregular notice of a motion to increase allowance for child support may be erroneous, but is not absolutely void.

---

⬅⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Divorce** ⊜⊶309—**Validity of service of notice of motion by registered mail not defeated, because receipt signed by another for defendant.**

Validity of service, by a registered letter, of a motion to increase an allowance, is not defeated by the fact that returned receipt was signed by another for defendant, as court may assume that signer was authorized to receive letter for defendant.

Appeal from the Supreme Court of the District of Columbia.

Divorce action by Mary Kenna Elkins against Blaine Elkins. Defendant was adjudged guilty of contempt for failing to pay certain sums of money for the maintenance of his minor child, and he appeals. Affirmed, and case remanded for further proceedings.

James S. Easby-Smith and David A. Pine, both of Washington, D. C., for appellant.

Charles A. Douglas, Hugh H. Obear, Charles S. Douglas, and Jo. V. Morgan, all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This appeal arises from a divorce case, in which the appellant was the defendant. He was ordered to pay certain sums of money for the maintenance of his minor child, and upon his failure to comply with the order he was adjudged guilty of contempt of court, and was subjected to a penalty. He prays for a reversal of the judgment.

[1] In January, 1919, Mary Kenna Elkins brought suit against her husband, Blaine Elkins, for an absolute divorce upon a charge of adultery, praying also for the custody of their minor child and for permanent alimony. The defendant answered, denying the charge. The court granted an interlocutory decree of divorce to the plaintiff, with custody of the minor child, but made no provision therein for alimony or the maintenance of the child. Afterwards a final decree of absolute divorce was granted, which, however, was silent as to alimony and the custody and maintenance of the child. Neither the interlocutory nor the final decree contained any provision for keeping the case open for further proceedings of any kind.

Afterwards, to wit, in November, 1920, the plaintiff filed a petition in the case, praying for an allowance for the maintenance of the child, stating that the defendant had provided for her own support, and had stipulated that the amount to be paid by him for the support of the child should be left open for agreement, or should be determined by the court, if no agreement could be reached. The defendant answered, alleging that he had settled upon the plaintiff a certain large sum, invested in productive securities, and claimed that the income therefrom was sufficient for the support of both the plaintiff and the child. Thereupon, in December, 1920, the court passed a decree requiring the defendant to pay the plaintiff the sum of $250 per month for the maintenance of the child. This decree contained no reservation, except the provision that it was made without prejudice to the right of the de-

⊜⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

fendant to renew his application respecting the company of the child. The defendant has fully complied with the foregoing decree.

Afterwards, to wit, on November 22, 1922, the plaintiff filed another petition in the case, alleging that the allowance of $250 per month for the maintenance of the child had become insufficient, and praying that it be increased to $500 per month, alleging also that the defendant had married again since the decree of divorce, and had become a resident of the state of New Jersey. At the same time the plaintiff filed a written motion for the allowance of the increase named in the petition.

Plaintiff thereupon undertook to serve the defendant with notice of the motion and of the time set for the hearing thereof. First, a notice was served upon the attorney who had represented the defendant in the prior proceedings in the case, but proof was immediately filed to the effect that he was no longer acting for the defendant and was not qualified to accept service of notice for him. The plaintiff then placed a formal notice of the motion and the date of hearing in the hands of the United States marshal, district of New Jersey, where the defendant at the time was residing. A deputy marshal attempted to serve the same personally upon the defendant, but upon going to defendant's residence he was informed, first by servants, and afterwards by defendant's second wife, that defendant was ill and could not be seen, either by the marshal or any one else. He then made "residential service," and reported the same to the court as follows:

"Served within notice on Blaine Elkins by delivering to and leaving with an adult member of his family at his residence on December 11, 1922, at Ventnor City in the district of New Jersey, and at the same time showing said person this original, with the seal of the court attached, and informing said person of its contents.    Jas. H. Mulheson, U. S. Marshal,
"By Geo. J. Healey, Deputy."

Concurrently with the foregoing, the plaintiff sent a notice to the defendant by registered letter, addressed to him at his aforesaid residence, a postal receipt for which was returned signed, "Blaine Elkins, by Ben Coleman." Proof of these proceedings was duly made to the court and entered upon the record.

The defendant made no appearance to the petition, and on December 15th, the day named in the notices, the trial court passed an order increasing the sum allowed for the maintenance of the child to $500 per month. The defendant failed to comply with this order, and on February 9, 1923, a petition was filed for a contempt rule, notice whereof was served upon defendant personally. The defendant responded, appearing specially for the purpose of objecting to the jurisdiction only, and averred that the order for the increased allowance was void, having been passed and entered by the court without any legal service of a motion, notice, or other process in the case sufficient to give the court jurisdiction for the purpose of passing the order, all of which defendant averred appeared upon the records of the court in the case. The court overruled this contention, and adjudged defendant guilty of contempt, assessing a penalty upon him, from which he now appeals.

[2] It is, of course, manifest that the only question now before us is whether the court had jurisdiction over the defendant for the purpose of passing the decree in question; for, if there was no jurisdic-

tion, the decree would be void, and the defendant would not be bound to obey it. When the suit was begun, the court duly acquired jurisdiction over the person of the defendant for the purpose, not only of the divorce and alimony issues, but also those relating to the custody, care, and maintenance of the child. That jurisdiction continued so long as was necessary to make effective the court's orders and decrees in the determination of the latter issues.

[3, 4] This conclusion is founded upon the principle that, when chancery once acquires jurisdiction over a subject-matter, it will continue to exercise that jurisdiction so long and so often as occasion shall require for the purpose of making its decree effective and of granting full and final relief in the premises. Accordingly it has become the established practice in divorce cases for courts, after a final decree for divorce and alimony, to make suitable orders in the same case for the maintenance of the minor children of the parties. McKay v. Superior Court, 120 Cal. 143, 146, 52 Pac. 147, 40 L. R. A. 585; McKay v. McKay, 125 Cal. 65, 67, 57 Pac. 677. This has become the settled practice in this country. Holt v. Holt, 42 Ark. 495, 497. Also, in cases wherein the decree is simply for divorce, alimony, and custody in the mother, the court may afterwards add an order for the father to furnish maintenance. Bishop, Marriage, Divorce, and Separation, § 1212. The rule implies that the court, having once acquired jurisdiction, may modify the allowance for the maintenance of the minor as circumstances may require. Nor is any reservation in the decree necessary for the exercise of this authority. In Alexander v. Alexander, 13 App. D. C. 334, 351, Mr. Justice Morris spoke as follows:

"In proceedings for divorce, the jurisdiction of the courts is in some things necessarily continuous. In the case of the custody and maintenance of the children of the unhappy marriage, the court must necessarily retain a continuous jurisdiction."

In Demonet v. Burkart, 23 App. D. C. 308, 316, this court said:

"Inasmuch as the jurisdiction of the courts over the custody and support of children in divorce cases is a continuing one, the court below had the undoubted right to reopen the case, and upon a proper showing award the future custody of the child to the mother, and to decree its future support against the father. * * *"

In Corpus Juris, vol. 19, p. 358, "Divorce," it is said:

"The amount allowed for the support of children is subject to subsequent modification, when the changed condition of the parties requires it; the conditions under which modification is allowed being substantially the same as in the case of a modification of an allowance of permanent alimony. No reservation in the decree itself is necessary to the exercise of this power." (Citations.)

[5] In the District of Columbia this practice has been confirmed by statute. Section 978 of the District Code reads as follows:

"Sec. 978. After a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects."

The phrase "care and custody of children," as here used, includes maintenance, since plainly a child cannot be cared for without being

fed, clothed, and otherwise maintained. Harlan v. Harlan, 154 Cal. 341, 98 Pac. 32; Erkenbrach v. Erkenbrach, 96 N. Y. 456.

[6, 7] In the present case, therefore, the defendant was subject to the jurisdiction of the court for the purpose of such orders and decrees as might be entered respecting the care, custody, and maintenance of the child. He was entitled, however, to receive such notice of the motion and time of hearing as was required by the rules of practice in the trial court, or was ordered and approved by the court. But, if service should be made of a defective or irregular notice, a decree based thereon might be erroneous, but would not be absolutely void.

The next question, therefore, is whether notice was in fact served upon the defendant in this case. As to the attempted service upon the attorney who first represented the defendant in the case, but who had ceased to be defendant's counsel, the decided weight of authority is against the validity thereof. Nevertheless, in view of the well-considered opinion in McSherry v. McSherry, 113 Md. 395, 77 Atl. 653, 140 Am. St. Rep. 428, we simply note a quære upon the subject. Contra, Kalmanowitz v. Kalmanowitz, 108 App. Div. 296, 95 N. Y. Supp. 627; Ellis v. Ellis, 13 Neb. 91, 13 N. W. 29; Underwood v. Underwood, 142 Ga. 441, 83 S. E. 208, L. R. A. 1915B, 674; Sandall v. Sandall, 57 Utah, 150, 193 Pac. 1093, 15 A. L. R. 620, it is furthermore questionable whether this attempt at service was not in fact abandoned by the plaintiff. As to the other attempts to serve the defendant with notice, we find ourselves upon surer grounds. In the equity rules of the court it is provided that a subpoena (summons) may be served by the delivery of a copy thereof by the person serving the same to the defendant personally, or, if such personal service cannot be made, by leaving a copy thereof at the dwelling house or usual place of abode of the defendant, with some adult person who is a member of or resident in his family. Rule 26. The service made by the United States marshal responded to these requirements. That service, of course, would not have been effective as original process to establish the court's jurisdiction over the defendant for purposes of a money judgment, since it was made outside of the jurisdictional limits of the court. But it was sufficient as interlocutory service, since jurisdiction already existed.

[8] In addition to this notice, the trial court also approved of service made by means of the registered letter addressed to the defendant at his place of residence. The validity of this service was not defeated by the fact that the return receipt was signed by another person for the defendant. The court was entitled to assume that the signer was authorized to receive the letter for the defendant, or that the registered letter would not have been delivered to him. This would not be a violent extension of the presumption of regularity which attends upon postal deliveries. Rosenthal v. Walker, 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395.

We repeat that the defendant was all the time subject to the jurisdiction of the court for the purpose of all orders and decrees respecting the care, custody, and maintenance of the child, and if any error of procedure intervened it would not render the decree void. The de-

fendant, however, acted upon the theory that the decree was absolutely void, and ignored it, which he was not entitled to do.

The order, judgment, and decree of the lower court are affirmed, with costs, and the case is remanded for further proceedings.

This case was decided prior to the death of the late Chief Justice.