## EVANS v. EVANS.

### No. 66079.

District Court of the United States for the District of Columbia.

Dec. 13, 1940.

Jean M. Boardman, of Washington, D. C., for plaintiff.

Ward B. McCarthy, of Washington, D. C., for defendant.

LAWS, Associate Justice.

On November 7, 1940, a rule was issued against the plaintiff husband to show cause why he should not be adjudged in contempt for failure to abide by the provisions of the order of this Court entered on November 28, 1939, and also why he should not be ordered to pay forthwith to the attorney for the defendant the sum of $50, and additional counsel fees for appearing in behalf of the rule.

The order of November 28, 1939, was a decree granting the plaintiff husband an absolute divorce based upon desertion by the defendant wife. As part of the order it was provided that the wife should have custody of the two children, with right of the husband to visit them and have them visit him at reasonable times, and that he should pay the wife $25 per month for their maintenance. An award of $50 was made as counsel fee for the wife's attorney.

With regard to the claim for counsel fees the attorney for defendant in open Court stated his willingness to have judgment entered in his favor against the plaintiff, and counsel for plaintiff agreed there is no defense to such judgment. Counsel for the husband also admitted in open Court that the husband is in arrears in making the payments for maintenance of the children ordered by the above-mentioned decree, but claims the Court is without power to imprison plaintiff for refusal to obey said decree. His contention is based upon the provision of Title 18, Section 102 of the District of Columbia Code dealing with the enforcement of decrees in equity. Said section provides, in part, that "the said Court may, for the purpose of executing a decree, or to compel obedience to the same, issue an attachment against the person of the defendant, * * * and in case any defendant shall be arrested and brought into court upon any process of contempt issued to compel the performance of any decree, the court may, upon motion, order such defendant to stand committed, * * * but where the decree only directs the payment of money no defendant shall be imprisoned except in those cases especially provided for." It is contended that the Code makes specific provision for imprisonment when there has been disobedience of the Court's order to pay alimony for the support of the wife and minor children assigned to her care, but that this provision applies only when the divorce is granted to the wife (Title 14, Ch. 3, Section 71); that when a divorce is granted on the application of the husband, the Court may require him to pay alimony to the wife, but since no specific provision is made for imprisonment upon failure to pay such alimony, disobedience of the decree of the Court in this instance may not be punished by imprisonment (Title 14, Ch. 3, Section 72). The case of Rapeer v. Colpoys,

66 App.D.C. 216, 85 F.2d 715, is cited in support of this view.

It seems to be definitely recognized that under the circumstances mentioned in the Rapeer case, the offending husband may be adjudged in contempt of Court and required to pay a fine. However, since in the case at bar, the act of the husband in failing to supply maintenance for the children apparently is willful and without justification, I feel he should be ordered imprisoned if within the legal power of the Court.

Of course, the Court should not speculate on the intention of Congress in this matter if the language of the Code is clear. But it is difficult to believe the legislature would provide, as admittedly it does, that a husband may be imprisoned for failure to obey an order to provide for his wife pending litigation, when eventually the wife might be found to be a wrong-doer, and fail to provide for punishment by imprisonment of a disobedient father, ordered permanently to support his children, who under all circumstances would be without fault of any kind. This would place Congress in the position of giving a possible wrongdoing wife forceful means of enforcing her support and not give the same forceful means to innocent children. Therefore, I have felt in this case that I should give careful study to the language of Congress to see if it compels such an unreasonable and unfair result, for if it does not do so in plain terms, the Court should not lend itself to such a conclusion.

The language with regard to the right of the equity court to imprison is as follows: "Where the decree only directs the payment of money no defendant shall be imprisoned except in those cases especially provided for."

When the decree provides payment of "the sum of twenty-five dollars per month for the maintenance and support of * * * infant children", what is required? Literally it is the payment of money; but substantially it is the furnishing of reasonable maintenance for care, support and custody of the children. The purpose of the Court is to bring about a situation where the mother might keep the children in her custody and care as ordered and have the means to do so. Payment of the money is the means; care, support and custody is the end. Grant the language of Congress may be clear wherein it prohibits imprisonment for violation of money decrees except in specified cases. But the purpose of Congress appears equally clear: the legislature did not wish to permit imprisonment for debt and therefore restricted the equity court to imprisonment for violation of money decrees only where especially provided for. But for certain of the language of the opinion and for the resultant decision in the Rapeer case (where the point here discussed obviously was not submitted) this Court might be free to construe the decree now under consideration as one for support of children, rather than a money decree. But since such a construction may not be open because of the Rapeer decision, it is advisable to see if there is not other reason why the plaintiff in this case might be dealt with as I feel the exigencies require.

I find there is such a reason in that the decree in this case cannot be construed as "only" directing the payment of money.

In the Rapeer case, the decree only related to maintenance of the children. In the case at bar, maintenance is not the only provision,—there is added the important provision awarding custody to the mother. If it be argued that the nonpayment of money for maintenance is the only matter with which the Court is concerned in this contempt case, the answer seems clearly that it is not, for if the money is not paid as ordered, the order of custody to the mother may be frustrated; the children may become public charges, and the father might be in a position to get them into his custody.

Maintenance is essentially a part of care and custody of children. As stated in Elkins v. Elkins, 55 App.D.C. 9, 11, 299 F. 690, 693: "The [Court] phrase 'care and custody of children,' as here used, includes maintenance, since plainly a child cannot be cared for without being fed, clothed, and otherwise maintained." Thus the plaintiff in this case has transgressed not alone in the nonpayment of money, but also in jeopardizing the custody which the Court awarded to the mother. It is not necessary for the Court to await the consequences of the transgression; it may act in time to prevent them.

There is no question as to the right of this Court, independently of statute, to provide for care and custody of children in divorce cases. As said in Simmons v. Palmer, 33 App.D.C. 592, 596: "While the statutes with relation to the payment of

alimony seem to apply strictly to cases where the minor children have been placed in the custody of the wife, yet, where a court of equity is making the domestic relations of the parents a matter of judicial investigation, it would be folly to say that the court would be powerless to temporarily provide for the welfare of the minor children, should it appear that neither of the parents were properly caring for them. We think, under the circumstances, the court had authority to make such an order as seemed just and equitable in the premises, and to enforce it."

It, therefore, follows that this Court had power, as a part of the divorce decree in favor of the father, to provide for custody of the children and provide for their maintenance; that in fixing custody and maintenance, it decreed more than the payment of money and, therefore, under the provisions of Title 18, Chapter 3, Section 102, of the District of Columbia Code, it has power to compel obedience to its decree by attachment of the person and imprisonment of contempt.

For the reasons stated, I find the plaintiff in this case guilty of willful contempt of court and subject to imprisonment. A decree will be entered in the usual form committing the plaintiff to imprisonment for thirty days. A decree also will be entered awarding judgment in favor of Ward B. McCarthy, Esquire, against the plaintiff on account of attorney's fees.