Ex parte KELLY.

No. 34649.

Supreme Court of Oklahoma.

Sept. 22, 1953.

J. I. Gibson, Savage, Gibson, Benefield & Hart, all of Oklahoma City, for plaintiff in error.

E. William Brown, Oklahoma City, for defendant in error.

PER CURIAM.

The parents of the child had been divorced in Kansas. The mother, in lawful custody of the child at the time, transferred her residence to Oklahoma. The father commenced this proceeding, and upon writ of habeas corpus, and upon final hearing, the trial court awarded permanent custody of the child to the mother, and ordered the father to pay a substantial sum to the mother's attorney, and to pay substantial sums to the mother for the child's support.

The first response of the mother did not seek any recovery of money for attorney's fee or child support. The father filed a dismissal of the action or proceedings before the mother filed an amended response with cross-petition for the money recoveries above mentioned. The trial court declined to recognize the dismissal and proceeded to try the matter on the amended response when it was reached in due course.

We will not discuss the dismissal further than to say that in any event the trial court had jurisdiction to retain the matter as to the custody of the child, and since the evidence fairly sustains the judgment and conclusion of the court, we approve and affirm the order permitting the mother to retain custody of the child. See Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561; Black v. Miller, 201 Okl. 499, 207 P.2d 290; Chapman v. Walker, 144 Okl. 83, 289 P. 740, and Woodall v. Alexander, 107 Kan. 632, 193 P. 185.

We now consider the money judgment or order against the petitioner. This general rule is stated in 25 C.J.S., Damages, § 50, page 531:

"Generally, there can be no recovery as damages of the expenses of litigation and attorneys' fees unless authorized by statute or contract."

It has been held in this state that an award or judgment for attorney's fee cannot be granted except in those cases where it is expressly authorized by statute or agreement. See Keel v. Covey, 206 Okl. 128, 241 P.2d 954, and School District No. 94 Grant County v. Gautier, 13 Okl. 194, 73 P. 954. The respondent cites no authority to the contrary.

We therefore hold that in an action or proceeding in habeas corpus for the custody of a child there is no authority of law for the trial court to require either petitioner or respondent to pay the attorney's fee of the other. In this jurisdiction that rule would apply without regard to the relationship or lack of relationship of the contesting parties to the child.

As to the order requiring the father to make substantial payments for the support of the child, we observe this rule as stated in 25 Amer.Jur. § 81, page 206:

"Habeas corpus is a summary proceeding, and, as applied to infants, its primary object is to determine in whose custody the best interests of the child will probably be advanced, the speedy determination of which should not be hindered or delayed by attempting to determine collateral issues. Proceedings in habeas corpus to determine the right to the custody of a child may not be extended to an adjudication of claims, money demands, or unsettled accounts between the parties; and it is a general rule that the court is without power to make an award for the child's support. * * *"

A complete annotation on this point is found at 116 A.L.R. 699. The authorities there cited uphold the American Jurisprudence statement.

This exact question seems never to have been passed upon in Oklahoma, but the general rule above stated is well supported by the authorities cited, and the respondent cites no authority whatever to the contrary.

It seems quite logical and proper to fully preserve the right of parents, or in proper case, the right of others, to test the custody

of children by proceeding in habeas corpus without in any such case burdening the proceedings with issues of claims of money demands or unsettled accounts between the parties contesting for the custody of the child.

We therefore conclude that the trial court judgment should be and the same is affirmed as to the custody of the child, but the money judgment for attorney's fee and child support should be and is reversed, and the cause remanded with directions to vacate the judgment on those particulars.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

WILLIAMS, J., concurs as to affirmance, but dissents as to points of reversal.