**Linda Mabbs CLARK, Appellant,**

v.

**John Oren CLARK, Appellee.**

No. 83–1565.

District of Columbia Court of Appeals.

Submitted Nov. 29, 1984.

Decided Dec. 27, 1984.

Glenn C. Lewis and Joseph C. Paradiso, Washington, D.C., were on the briefs for appellant.

Peter R. Kolker, and Richard H. Nakamura, Jr., Washington, D.C., were on the brief for appellee.

Before PRYOR, Chief Judge, and MACK and ROGERS, Associate Judges.

PER CURIAM:

Appellant Linda Mabbs Clark (now Linda Mabbs Hunt), appeals a decision of the trial judge denying her Motion to Reduce Arrearages to Judgment, for Specific Performance, and Other Equitable Relief on the ground that the trial court lacked subject matter jurisdiction. Appellee, John Oren Clark, agrees with appellant that the trial court had subject matter jurisdiction to consider the motion, but asserts that the ruling was not error because of other grounds requiring denial of the motion. We find that the trial court had jurisdiction to consider appellant's motion, and that appellee's claims are properly raised initially in the trial court; we, therefore, reverse and remand.

On August 22, 1979, appellant and appellee entered into a Voluntary Separation and Property Settlement Agreement. The agreement required that appellee, among other things, pay child support to appellant in the amount of $500 per month, maintain in full force and effect certain life insurance policies as well as a health insurance policy for the benefit of Matthew Richmond Clark, and pay one-half of appellant's attorney's fees up to $500. On or about July 2, 1980, appellant brought a complaint for absolute divorce in the Family Division of Superior Court on the grounds of sepa-

ration for more than one year. A judgment for absolute divorce was entered on November 28, 1980. The separation agreement was not ratified by the court in entering the judgment for absolute divorce, nor was it incorporated and merged into the judgment.

On December 18, 1980, appellant filed a complaint for support against appellee in the Family Division of Superior Court pursuant to the Uniform Reciprocal Enforcement of Support Act, D.C.Code § 30–301 et seq. (1981). The complaint mentioned the separation agreement, and alleged that "[a] contribution of the sum of $600 is required to support," the minor child. Appellee's duty to provide child support was certified by the Superior Court, and appellant's complaint was referred to the Common Pleas Court of Montgomery, Ohio, where appellee then resided. In February 1981, the Ohio court ordered appellee to pay child support in the amount of $500 per month. When appellee did not comply fully with this order, he was ordered by the Ohio court on October 7, 1981, to pay arrearages of $1,912.06, child support of $500 per month, and costs.[1]

The action that is the subject of this appeal was commenced in the Family Division of Superior Court on September 20, 1983, when appellant filed her Motion to Reduce Arrearages to Judgment. Appellant's motion asked the court to enter judgment on child support owing under the separation agreement in the amount of $15,304.42, enter judgment in the amount of $500 for counsel fees owed in connection with preparation of the Settlement Agreement, require appellee to furnish documentation of his maintenance of life and health insurance policies, and adjudicate appellee

to be in contempt of court for willful failure to comply with the court's orders.

Appellee opposed appellant's motion on the grounds that the separation agreement was unconscionable, and thus, not specifically enforceable, and because appellant had repudiated the separation agreement by instituting her action under D.C.Code § 30–301 et seq. (1981). Appellee also moved to set aside the separation agreement and for entry of an appropriate order for child support on the same grounds.

At a hearing on December 19, 1983, the trial judge denied both parties' motions on the ground that the trial court lacked subject matter jurisdiction to consider them.[2] This ruling was based on the trial judge's conclusion that

> where the Court in the original (divorce) action did not undertake to adjudicate any issue as to support or maintenance and the Final Order was silent as to support and maintenance, the Court does not have any continuing jurisdiction with respect thereto ....

This decision is the subject of the present appeal.[3]

■ Appellant claims on appeal that the trial judge erred in ruling that the trial court lacked jurisdiction to consider her Motion to Reduce Arrearages to Judgment. We agree. The District of Columbia is among those jurisdictions recognizing the power of the court to make orders for support when the judgment for divorce is silent on support and does not incorporate the separation agreement. *Alves v. Alves*, 346 A.2d 736, 738 (D.C.1975) (absence of prior court order not a bar to court's consideration of a motion to increase support); *Alves v. Alves*, 262 A.2d 111, 117 (D.C.1970) (D.C.Code § 16–914 gives trial court con-

---

**1.** Appellee subsequently moved to modify this support order, and this claim is currently being litigated. *Linda Mabbs (Clark) Hunt v. John Oren Clark*, No. 81–JC–19–UDA (Ct. Common Pleas, Montgomery, Ohio).

**2.** The trial court judge did adopt a Voluntary *Child* Visitation Agreement executed by both parties the day of the hearing.

**3.** On March 1, 1984, appellant filed a motion for summary reversal in this court which was denied on April 19, 1984. On June 8, 1984, appellee filed a motion to dismiss appeal or, in the alternative, to remand. This court denied appellee's motion on August 14, 1984.

tinuing jurisdiction over issues of custody and child support even where the decree is silent as to custody or child support); *see also Trotter v. Trotter,* 87 U.S.App.D.C. 213, 183 F.2d 997 (1950); *Elkins v. Elkins,* 55 App.D.C. 9, 299 Fed. 690 (1924). Thus, the trial judge erred in ruling that the trial court lacked subject matter jurisdiction to consider the motions.

■ Appellee concedes that the trial judge's ruling on jurisdiction was erroneous. Nevertheless, appellee argues that appellant's motion was properly denied because it improperly requested that appellee be cited for contempt; child support arrearages had already been adjudicated and paid in Ohio; and appellant's acceptance of arrearages adjudicated in Ohio effectively repudiated any claim for arrearages under the separation agreement. Appellee claims further that the doctrine of *forum non conveniens* requires that the appeal be dismissed.

Appellee's claims concern the merits of appellant's Motion to Reduce Arrearages to Judgment. Because such arguments are properly raised initially in the trial court, we decline to consider them here. *See* D.C. Code § 11–721 (a)(1) (1981); *Urciolo v. Urciolo,* 449 A.2d 287, 289 (D.C.1982) (for purposes of review, an order is final only if it disposes of the whole case on its merits).[4] Therefore, we remand this case to the trial court for consideration of both parties' motions on the merits.

*So Ordered.*

----

4. Similarly, appellee's argument that the doctrine of *forum non conveniens* requires dismissal is properly raised initially in the trial court.