NEWMAN, Associate Judge:
Head asserts that the trial court erred in dismissing her motion for pendente lite child support for want of jurisdiction. We agree and reverse.
Head and Robinson are the mother and father respectively of a child born out of wedlock on September 9, 1978, in the District of Columbia. From birth until on or about January 15-, 1982, the child was in Head’s custody; Robinson forcibly removed the child from her custody on or about that date. On February 7, 1983, Head filed a Petition for habeas corpus seeking return to her of the child. The *1290 petition named as respondents Robinson and his mother, Dorothy Robinson. An Order To Show Cause was issued with a return date of February 11, 1983. Both respondents appeared on that date and were served notice of a continued date. The case was heard on February 15, 16, 17 and 18, 1983, by Judge Virginia L. Riley. In an order entered on the trial court docket on March 7, 1983, Judge Riley granted custody of the child to Robinson pending a home study investigation to be made by the court’s Social Service Department with specified visitation rights for Head. After receipt of the report from Social Services, by order entered on May 19,1983, Judge Riley awarded permanent custody to Head with specified visitation rights for Robinson.
On July 22, 1983, Head filed motions seeking to terminate Robinson’s visitation rights. By order dated the same day, Judge George Goodrich vacated so much of the court’s prior order as gave visitation rights to Robinson. The order restrained him from subjecting Head or her immediate family to threats or acts of violence; it set a further hearing on the matter for July 29,1983. By order entered on August 22, 1983, after a hearing, Judge Eugene Hamilton continued the suspension of Robinson’s visitation pending a further hearing on January 6,1984; he ordered Robinson to pay $500 to Head’s attorney toward the cost of her attorney’s fees. The hearing set for January 6, 1984, was subsequently continued to July 11, 1984. On February 22, 1984, Head filed a motion seeking pen-dente lite and permanent child support. This motion was heard by Judge William C. Gardner on May 8 and 9, 1984. According to the reporter’s transcripts of those proceedings, Robinson was present for both of them.[1]
At the hearing on May 8, Judge Gardner sua sponte raised the issue of jurisdiction to grant child support in a case which was filed as a petition for habeas corpus.[2] After Head pointed out to the court the prior proceeding and orders in this case, the court continued the matter to the following day. At the hearing the next day, Head cited authorities to the court and stated that with Robinson living and working in Maryland, difficulties of service of process with attendant time delays would adversely affect the child’s interest. Judge Gardner ruled orally that the court lacked jurisdiction to grant relief since the action was commenced as a petition for habeas corpus. Upon Head’s request, Judge Gardner incorporated this ruling in a written order entered on May 17, 1984. In pertinent part, that order reads:
[Petitioner's motion for pendente lite and permanent child support be, and it hereby is, DISMISSED for want of jurisdiction of the Court to grant same herein. See Stevens v. do. [Stevens], 346 So.2d 909 (Miss.1977); People ex rel Klee v. Klee, 202 App.Div. 592, 195 NYS 778 (1922); Ex parte Kelly, 261 P.2d 452 (Okla.1953); Buchanan v. do. [Buchanan], 170 Va. 458, 197 S.E. 426 (1938); Pugh v. do. [Pugh], 56 S.E.2d 901 (W.Va.1949); Cf. Story v. Rives, 68 App.D.C. 325 [97 F.2d 182] (1938).
We have reviewed the authorities cited by Judge Gardner. We find them either inap-posite and/or unpersuasive.
Here, the court had previously conducted a number of hearings and entered a number of orders affecting custody and visitation, all based on the best interest of the child. See Bazemore v. Davis, 394 A.2d 1377 (D.C.1978). No one questioned the jurisdiction of the court to do so; such an objection to jurisdiction would have been unwarranted. In these circumstances, we see no reason why the court which has both subject matter and in personam jurisdiction, should require that a separate action be filed seeking child support with the *1291 attendant cost and delay, likely to the detriment of the child’s best interest. See generally Brown v. Dyer, 489 A.2d 1081 (D.C.1985), and Clark v. Clark, 485 A.2d 621 (D.C.1984). Formalities of new filings or amended pleadings should not be elevated to such a level.[3] See generally In re Tyree, 493 A.2d 314 (D.C.1985); Andrade v. Jackson, 401 A.2d 990 (D.C.1979).
We reverse and remand for further proceedings consistent with this opinion.

So Ordered

. Judge Gardner’s statement in his subsequent order that Robinson was not present, seems to be erroneous.

. The reporter’s transcript reflects that Judge Gardner stated: "Well, the Court doesn't have any jurisdiction to — of the subject matter involving support in a habeas corpus proceeding.”

. There is no notice problem as would implicate due process since the respondent had been served with a copy of the motion seeking child support. Nor is there any issue of relating back as could be a problem where a statute of limitation is involved.