**Carolyn O'CONNOR, Appellant,**

v.

**Kenneth M. O'CONNOR, Appellee.**

**No. 74203.**

Court of Appeals of Oklahoma, Division No. 3.

May 7, 1991.

Roger D. Everett, El Reno, for appellant.

Kimber Palmer, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Carolyn O'Connor (Appellant) was divorced from Kenneth M. O'Connor (Appellee) in 1987 and was given custody of the minor child of the parties. Appellee's visitation included six weeks in the summer. In the summer of 1989, after six weeks of visitation, Appellee refused to return the minor child to her. Appellant filed a Petition for a Writ of Habeas Corpus. Upon hearing, the trial court ordered the child to be returned to Appellant instanter.

Appellant applied for an Order Requiring Appellee to pay attorney fees and costs. The trial court denied her application. In effect, the trial court relied on *Ex parte Kelly*, 261 P.2d 452 (Okl.1953) and held that granting attorney fees would be contrary to law. Appellant contends *Kelly* has been overruled and the trial court erred in relying on that decision.

*Kelly* held: (1) attorney fees may not be recovered in a Habeas Corpus proceeding; and, (2) child support may not be awarded in a Habeas Corpus proceeding. While *Kelly* was overruled on the child support issue in *In the Matter of Landrum*, 629 P.2d 357 (Okl.1981), *Landrum* did not mention the attorney fees question.

Ordinarily, under the so-called "American Rule", attorney fees may not be recovered unless authorized by contract or a statute. Appellant cites 43 O.S.Supp. 1989 § 110 (renumbered from 12 O.S.1981 § 1276) and contends it constitutes statutory authority for the award of attorney fees. Section 110 is as follows:

After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or a judge thereof in vacation, may make and enforce by attachment such order to restrain the disposition of the property of the parties or of either of them, and for the use, management, and control thereof, or for the control of the children and support of the wife or husband during the pendency of the action, as may be right and proper; and may also make such order relative to the expenses of the suit as will insure an efficient preparation of the case; and, on granting a divorce in favor of the wife or the husband, or both, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just

and proper considering the respective parties and the means and property of each; *provided further, that the court may in its discretion make additional orders relative to the expenses of any such subsequent actions, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the divorce action made for the benefit of either party or their respective attorneys.* Provided, no ex parte orders shall be issued until the opposing party is granted an opportunity to be heard, unless such ex parte order provides that instead of performing thereunder the opposing party may appear on a date certain, not more than twenty (20) days thereafter, and show good cause as to why he should not comply with said order. (Emphasis added.)

The underscored portion of § 110 dealing with the expenses of subsequent proceedings was added by the Legislature in 1965. Thus the 1965 statute negated the 1953 *Kelly* decision as to attorney fees in a Habeas Corpus proceeding which was brought to enforce child custody provisions of the divorce decree.

We hold that "expenses" in such proceedings includes attorney fees and that it is within the province of the trial court, in the limited scope of habeas corpus actions for the purpose of enforcement of custody orders in divorce actions, to consider the allowance of attorney's fees. We are not suggesting and this opinion is not to be construed as holding that attorney's fees may be allowed in habeas corpus proceedings other than child custody cases, and only then as the circumstances permit. The allowance of attorney's fees under such circumstances is within the sound discretion of the trial court.

The trial court's order as to attorney fees is vacated. This matter is remanded for a hearing on the question of attorney fees so that the trial court, in its discretion, may determine whether attorney fees are warranted. If the trial court determines that attorney fees should be awarded, the amount must be fixed in accordance with

*State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

HUNTER, C.J., and HANSEN, J., concur.